## McGuire *vs.* Barker.

A paper in the exact form of a common mortgage, but with the right of the mortgagee to advertise and sell in thirty days after the debt becomes due, is a mortgage ; and when not recorded in time, and foreclosed and levied as such mortgage, it is postponed to a purchase made subsequently to its date, and before its actual record, and without notice of its existence.

Mortgage. Lien. Title. Before Judge UNDERWOOD. Floyd Superior Court. January Term, 1878.

McGuire had certain land levied on under a mortgage *fi. fa.* in favor of himself against Cleghorn, administrator of Scott; Barker claimed. On the trial it appeared that Scott, the intestate, gave to McGuire the mortgage, which was in the usual form, except the addition of this clause: "With condition that he may advertise and sell the same in thirty days after maturity if said note is not paid." It was dated September 11, 1872, and was recorded September 24, 1874. On January 1, 1873, claimant bought the land from Scott, and took a deed thereto, which was recorded February 14, 1876. He bought without notice of the mortgage.

The jury, under the charge of the court, found the property not subject. Plaintiff moved for a new trial; it was refused, and he excepted.

ALEXANDER & WRIGHT, for plaintiff in error, cited as follows: Instrument conveyed title, 37 *Ga.*, 79–80; 28 *Ga.*, 503; 8 Wheaton, 174; 1 Peters, 1; 54 *Ga.*, 448; Story on Agency, §489; Southern Law Rev., N. S., Vol. 3, p. 714; 60 *Ga.*, 434. Neither recorded in time, Cobb's Dig., 175; Code, §2705; 33 *Ga.*, 568, 569; 48 *Ga.*, 461; Code, §1957.

DABNEY & FOUCHE, for defendant.

JACKSON, Justice.

Two questions are made in this record. First, is a paper in all respects and in form a common mortgage, anything but a mortgage, because it is stipulated therein that the mortgagee may advertise and sell within thirty days after the debt is due, unless paid? and secondly, when such paper is not recorded as a mortgage, is it good against a subsequent deed conveying title without actual notice of the prior conveyance?

1. In regard to the first question, we hold that the paper is a mortgage with power to sell in the mortgagee, and nothing more. For the purposes of this case, it is certainly so, for it was foreclosed as a mortgage, and the issue is whether the land is subject to the *fi. fa.* issued upon the judgment of foreclosure. Unless it is a mortgage, the *fi. fa.* is proceeding illegally, and the plaintiff has no case.

2. In regard to the second point, the statute fixes it. The Code, §1957, declares that mortgages not recorded in time are postponed to purchases made subsequently to their date, but before the record, and without notice of the mortgage. This purchase was made after the mortgage, and without notice, and before its record. It can make no difference that the deed of purchase was not itself recorded in twelve months. It conveyed the title as against this mortgage, and that is the sole question here.

Judgment affirmed.