## Cully *vs.* Bloomingdale, Rhine & Co.

An instrument signed by a husband and wife had the form of a deed; after the description, the instrument stated that the condition of the sale was that certain notes had been given by the husband to the grantee. It provided that if the debt should be paid, the deed should be void ; that if the makers failed to pay, the creditors should give notice by certain advertisement, and sell at public outcry the equity of redemption, pay the notes and expenses of sale, and pay over the balance to the debtors. Homestead was waived :

*Held,* that the instrument was a mortgage only and conveyed no title ; and upon the death of the husband the wife was entitled to a year's support out of such property.

(*a.*) The title being in the husband, a sale of the property after his death would not affect the wife's right to a year's support.

Mortgage. Title. Year's support. Before Judge FAIN. Dade Superior Court. December Term, 1881.

Reported in the decision.

T. J. LUMPKIN; E. D. GRAHAM, for plaintiff in error.

W. N. & J. P. JACKOWAY; R. J. McCAMY, for defendants.

SPEER, Justice.

It appears by the record that D. M. Cully, husband of the plaintiff in error, died in October, 1879, and in January, 1880, his widow applied for a year's support for herself and infant daughter out of the estate of her deceased husband, which by commissioners duly appointed was set apart in property, and included among other things a store house and lot in Rising Fawn, Georgia. The defendants in error filed objections to the return of the commissioners upon the ground that they had title to said store house and lot. From the decision of the ordinary an appeal was taken to the superior court, and on the trial there it was agreed to submit both the law and facts to the judge, without the intervention of the jury, and he found that the plaintiff was not entitled to a support out of said store house and lot, but that the title was in the defendants in error to said property at the death of the intestate, to which judgment plaintiff excepted.

The title upon which the defendants in error rested their claim was under the following paper:

"This indenture, made and entered into this the fifteenth day of April, 1879, by and between D. M. Cully and Fannie A. Cully, wife of said D. M. Cully, for and in consideration of the sum of one hundred dollars to us in hand paid, the receipt of which is hereby acknowledged, do bargain, sell, and do hereby convey unto Bloomingdale, Rhine & Co., of the city of Philadelphia, Pennsylvania, one house and lot in the town of Rising Fawn, in the county of Dade, state of Georgia, and more particularly described as follows, to-wit: Fronting the east side of the Alabama Great Southern railroad twenty-five feet, and running back of uniform width one hundred feet, it being the lot that the said D. M. Cully bought of——, and on which a new store house is built, all in the county and state aforesaid. Now, the conditions of this sale are as follows, to-wit: The said D. M. Cully has this day given his notes to the said Bloomingdale, Rhine & Co. for the

following sums, to-wit : One for one hundred dollars, payable thirty days after date, and being dated April 15th, 1879, and another note due six months after date, for three hundred and fifty dollars, and bearing date April 15th, 1879 ; all of said notes bearing interest from date except the last. Now we, the said D. M. Cully and Fannie A. Cully, parties of the first part, do acknowledge ourselves to be due the said parties of the second part, the several sums or amounts above set forth, and to secure the payment of the same we have hereby made this our deed to said tract or parcel of land, situated as before set forth, together with the house thereon, but if the parties of the first part do well and truly pay the said note and interest that may accrue thereon, then this deed is to be void and for nothing held, but if the said parties of the first part fail to pay the said note, together with the interest that may accrue, then the said parties of the second part may, after giving thirty days' notice in writing, at the courthouse, in the town of Trenton, in the county of Dade, state of Georgia, and also in the town of Rising Fawn, Georgia, by their agent or attorney expose to sale the said house and lot to the highest and best bidder, on three and six months time in bar of the equity of redemption, taking note and good security of the purchaser, and retaining a lien on the property for the purchase money, and after paying all the above described notes together with all the interest and costs of selling, the remainder of the money to be paid over to the parties of the first part, or their lawful representatives; and all the parties of the first part covenant with the parties of the second part, that the above property is unincumbered except eighty dollars of purchase money to P. Malloy, which is not due, for the grounds on which the house stands and for which he has notes, one for forty dollars, due six months after date, the first of January, 1879, and one for forty dollars due twelve months after date, dated 1st of January, 1879, with interest from date ; and we, the parties of the first part, waive all exemptions of homestead and all other exemptions as to the above named house and lot. In witness whereof," etc.

The question presented is whether, under this paper, the title to the property therein described passed to defendants in error so as to defeat the claim of plaintiff in error in the same for her twelve months' support, as the widow of D. M. Cully. A mortgage is, under the Code, "a mere security for a debt, and passes no title." "No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the

debt to secure which it is given and the property upon which it is to take effect." Code, §§1954, 1955.

.Tested by these requisites, the paper under which defendants in error claim title is a mortgage deed, with power in the mortgagees, on default of payment within a certain time and upon certain notice, to make sale of the property on certain credits, so as to "bar the equity of redemption." The paper clearly indicates the creation of a lien " to secure the payment of the notes" therein described ; and the property upon which the lien attaches is described ; moreover all exemptions of homestead are expressly waived on the part of the makers.

The relation of debtor and creditor existed and continued to exist between the mortgagor and mortgagee up to his death, and moreover on the payment of the sums set forth as due in said instrument, it is declared the paper "shall be void and for nothing held." These various ear marks of the instrument can lead to but one conclusion, and that is that the paper was intended as a security for the debt. If the mortgagor failed to pay, whose title was to be sold as provided for? what was to be sold ? " The equity of redemption"—and the proceeds were to be paid out to the costs, expenses of sale, then to the debt, and overplus, if any, to the mortgagor. We think the court therefore, erred in holding that the title of this property passed to the defendants in error, but that the same remained in the deceased husband, and so existed at the time of his death, and hence that the court below erred in not sustaining the application of plaintiff in error to have said property set apart as a portion of the twelve months' support assigned her as the widow of her deceased husband. 9 *Ga.*, 151 ; 7 Cranch, 237 ; 61 *Ga.*, 339 ; 54 *Ib.*, 441.

The title to the property being in the deceased, the sale of the property after his death under this mortgage, could not affect the widow's right to her twelve months' support. 8 Wheat., 174 ; 25 *Ga.*, 571 ; 65 *Ib.*, 312.

Judgment reversed.