## SMITH vs. DeVAUGHN.

DeVaughn sold a mule to Smith, taking, partly in consideration of that sale and partly for other indebtedness, the following instrument:

"$232.80. Montezuma, Ga., Jany. 16th, 1886. On the first day of October next, I promise to pay J. E. DeVaughn, or order, the sum of $232.80, for value received. And to secure the payment of this note, I hereby mortgage and convey unto the said payee, his heirs, and assigns, the following described property, to wit: one dark mare-mule named Queen, about ten years old,

for which this note is given in part. Said mule to remain the property of J. E. DeVaughn until paid for." Then follow waivers of homestead, etc.; and the instrument is signed by Smith in the presence of two witnesses, one a magistrate. It was recorded about ten months after its date.

*Held*, that this was a conditional bill of sale with reservation of title, and not a mortgage. Cases distinguished.

(a) If Smith had paid the purchase money for the mule, he would have acquired title to it; and possibly the instrument might have been foreclosed as a mortgage for the other indebtedness; and this may have been the reason for writing the paper in the form of both a mortgage and a bill of sale.

March 22, 1889.

Mortgages. Sales. Title. Before Judge KIBBEE. Dooly superior court. March term, 1888.

Reported in the decision.

MARTIN & SMITH, for plaintiff in error.

No appearance *contra.*

SIMMONS, Justice.

DeVaughn sued Mary A. Smith in an action of trover and bail for a mule. On the trial the plaintiff introduced the following instrument in writing:

"$232.80.     MONTEZUMA, GA., Jany. 16th, 1886.

"On the first day of October next, I promise to pay J. E. De-Vaughn, or order, the sum of $232.80 for value received. And to secure the payment of this note, I hereby mortgage and convey unto the said payee, his heirs and assigns, the following described property, to wit: one dark mare-mule named Queen, about ten years old, for which this note is given in part. Said mule to remain the property of J. E. DeVaughn until paid for."

Then follows a waiver of homestead and exemption and of exemption from garnishment; and the instrument is signed by Winchew Smith in the presence of two witnesses, one a magistrate, and recorded about ten months after its date. The only question made in

this case is, whether the above instrument was a mort-gage, or a conditional sale with reservation of title in DeVaughn. The court below held that it was a conditional sale with reservation of title, and so instructed the jury. A verdict was returned for the plaintiff, and the defendant excepted. We think the court was right in its ruling. While the instrument is somewhat anomalous in its character, under the facts of the case disclosed by the record, we do not think that it was intended by the parties as a mortgage, so far as the price of the mule was concerned. The husband of the defendant purchased this mule from the plaintiff, De-Vaughn. DeVaughn held the title to the mule at the time of the purchase, and so far as the price of the mule was concerned, there was no prior indebtedness between DeVaughn and Smith. The title being in De-Vaughn, he had a right, under the law, to reserve the same until the purchase price of the mule was paid. He did reserve it in the instrument itself, as will be seen by reference thereto. If Smith had paid the purchase money for the mule, he would then have acquired title thereto, and it is possible that the instrument might have been foreclosed as a mortgage for the $80 of the old indebtedness incorporated in this instrument; and this may have been the reason that the paper was written both in the form of a mortgage and bill of sale. The cases of *Cully vs. Bloomingdale, Rhine & Co.*, 68 *Ga.* 756, *Findley vs. Deal*, 69 *Ga.* 359, and *Frost vs. Allen*, 57 *Ga.* 327, relied on so strongly by counsel for the plaintiff in error, were all different in their facts from this case. In those cases, the title to the property was in the defendants, and they undertook to convey the title to secure debts. In this case, the title was in the seller, the plaintiff, and the purchaser gave this instrument to secure the purchase money, and agreed

that the title should remain in the vendor until the purchase money was paid.

Judgment affirmed.