86  347
96  759

## MANN *v.* THOMPSON.

Where in 1890 a sale in parol and delivery of a yoke of oxen were made, upon the condition that when the vendee paid for them they were to be his, and the contract was not reduced to writing, the property was subject to levy and sale under an execution against the vendee from a judgment obtained in 1887.

December 20, 1890.

Vendor and purchaser. Sales. Title. Before Judge MILNER. Catoosa superior court. February term, 1890.

Reported in the decision.

R. J. McCAMY, for plaintiff.

No appearance *contra.*

BLANDFORD, Justice.

This was a *certiorari* which issued out of the superior court to the justice's court, and was returnable to the superior court. The answer of the justice to the writ of *certiorari* disclosed the following facts: In 1887 Mann, the plaintiff in error, obtained a judgment against one Webb in the justice's court. In 1890 Thompson sold

and caused to be delivered to Webb one yoke of oxen, upon the condition that when Webb paid for them they were to be his. This contract between Thompson and Webb was not reduced to writing. Mann caused the execution upon his judgment against Webb to be levied upon these oxen, and Thompson interposed a claim to the same. The jury found in favor of the claimant under these facts in the justice's court, and the *certiorari* in this case was prosecuted by Mann to set aside the verdict of the jury. The court below overruled the *certiorari*, thereby affirming the judgment rendered in the justice's court. To this ruling Mann excepted, and says the court erred in overruling the *certiorari* and in not sustaining the same.

This case differs from that of *Conder* v. *Holleman & Ballard*, 71 *Ga.* 93, in this : in that case the bill of sale retaining the title in the vendor was in writing, whereas in the present case it is in parol. The code, §1955(a), (Acts of 1878-9, p. 143) provides that, "Whenever personal property is sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise." Had this contract between Thompson and Webb been reduced to writing, then the present case would run all fours with the case cited in 71 *Ga.*, *supra*. Under this section of the code, however, to make this conditional sale valid and binding as against the plaintiff in error, it should have been in writing; otherwise it would not be binding upon Mann. And we think the court below erred in overruling the *certiorari* and in not reversing and setting aside the judgment rendered in the justice's court in favor of Thompson, the claimant. *Judgment reversed.*