# JOHN DEERE PLOW CO. v. ANDERSON.

(Circuit Court of Appeals, Fifth Circuit. December 14, 1909.)

No. 1,959.

1. SALES (§ 474*)—CONDITIONAL SALE—RECORD—"THIRD PARTIES."

Civ. Code Ga. 1895, § 2776, provides that when property is sold by a conditional sale, in order for the reservation of title to be valid as against "third parties," it shall be evidenced in writing and not otherwise, and the written contract shall be executed and attested in the same manner as mortgages on personal property, but, as between the parties themselves, the contract as made shall be valid and may be enforced whether evidenced in writing or not, and section 2777 declares that conditional bills of sale must be recorded within 30 days after their date, and in other respects must be governed by the laws regulating the registration of mortgages. Held, that the term "third parties," as used in section 2776, and in accordance with the general law, meant creditors having a lien on the property conditionally sold, and not ordinary creditors, and that, as to the latter, the conditional sale contract was valid though not recorded.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1397; Dec. Dig. § 474.*

For other definitions, see Words and Phrases, vol. 8, p. 7815.]

2. BANKRUPTCY (§ 140*)—ADJUDICATION—TITLE OF TRUSTEE—LIEN.

A bankruptcy adjudication, though vesting title to the bankrupt's property in the trustee, does not create a judicial lien in favor of ordinary creditors, and hence the trustee has no greater right in property sold under a conditional sale than had the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 199; Dec. Dig. § 140.*]

3. COURTS (§ 107*)—PREVIOUS DECISIONS AS PRECEDENTS—DISPOSITION OF CAUSE ON APPEAL—AFFIRMANCE—PER CURIAM OPINION.

A per curiam affirmance of a decree on appeal, reciting: "We find no error in the disposition of this case in the Circuit Court, and the judgment is therefore affirmed"—means only that the decree on the facts proved in the record is correct, and nothing else is affirmed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 360; Dec. Dig. § 107.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition to Superintend and Revise Proceedings in the District Court of the United States for the Southern District of Georgia, in Bankruptcy.

Application by the John Deere Plow Company for an order directing A. S. Anderson, trustee, to surrender possession of certain property sold to the bankrupt under a conditional contract of sale. An order disallowing petitioner's claim was affirmed by the District Court, and petitioner brings a petition to superintend and revise. Reversed.

Fred T. Saussy, for petitioner.

A: S. Anderson, for respondent.

Before PARDEE and SHELBY, Circuit Judges; and FOSTER, District Judge.

FOSTER, District Judge. In this matter it appears that one V. L. Burke purchased certain merchandise from the John Deere Plow Company under a written contract of sale, which contained, among others, the following stipulation:

"(7) It is also agreed that the title to and ownership of, and the right to immediate and exclusive possession upon demand, either oral or written, to all goods which may be shipped as herein provided or during the current season, shall remain in and their proceeds in case of sale shall be the property of the John Deere Plow Company, and subject to their order until full payment shall have been made for the same by the undersigned (V. L. Burke) from making payments as herein agreed."

Subsequently Burke was adjudicated a bankrupt, and the plow company intervened in the proceedings and claimed so much of the merchandise as still remained in his possession, and alleged it was worth less than the amount due under the contract of sale. The referee declined to allow the plow company's claim, and on appeal to the District Court his finding was affirmed.

The law of Georgia (Civ. Code Ga. 1895) provides as follows:

Sec. 2776. "Whenever personal property is sold and delivered with the condition affixed to the sale, that the title thereto is to remain in the vendor of such personal property until the purchase price shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves, the contract as made by them shall be valid, and may be enforced whether evidenced in writing or not."

Sec. 2777. "Conditional bills of sale must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to the registration of mortgages."

The contract in this case was not recorded. It will be observed that by the law of Georgia, cited above, a conditional sale, not recorded, is good as between the parties, but is not valid as against third parties. We are not referred to any decision of the Supreme Court of Georgia holding that ordinary, unsecured creditors are to be deemed third parties within the meaning of the statute. The contrary view seems to have been held in the case of Rhode Island Locomotive Works v. Empire Lumber Company, 91 Ga. 639, 17 S. E. 1012, where the possession of two locomotives was awarded the vendor in a con-

ditional sale as against the receiver of the lumber company. We therefore hold that third parties, within the meaning of the law of Georgia, as well as under the general law, are such creditors as have, in some manner, secured a lien on the property conditionally sold, and not mere ordinary creditors.

It is true the adjudication vests the title of the bankrupt's property in the trustee; but it does not operate as a judicial seizure to create a lien in favor of the ordinary creditors. The trustee has no greater right in property sold under a conditional sale contract than the bankrupt had. See York Manufacturing Company v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Bryant v. Swofford Brothers, 214 U. S. 279, 29 Sup. Ct. 614, 53 L. Ed. 997.

In this case the sale was undoubtedly valid as between the parties, and the plow company was therefore entitled to the property as against the trustee. In General Fire Extinguisher Company v. Lamar, affirmed in this court by per curiam opinion, saying, "We find no error in the disposition of this case in the Circuit Court, and the judgment is therefore affirmed" (see 141 Fed. 353, 72 C. C. A. 501), cited in the court below, it is to be noticed that the appellant in that case asserted a reserved lien, and that the property alleged to have been sold had been merged in and become part of the building and factory which had been sold under prior liens; the proceeds being in court for distribution. A per curiam affirmance of a decree on appeal, in the above-quoted words, means no more than that the decree on the facts proved in the record is correct, and nothing else is affirmed.

The petition for revision is allowed, and the decree of the District Court in favor of the trustee against the John Deere Plow Company, rendered in the bankruptcy of V. L. Burke, is reversed, and the District Court is instructed to render judgment in accordance with the views herein expressed; the trustee to pay the costs hereof in due course of his administration.