### 7457.  BACON *et al.* v. HANESLEY.

BROYLES, J.  1. An instrument in which title to personal property is retained in the vendor until payment of the purchase-price, and which contains also a stipulation that it is a mortgage upon the property, should be construed as a retention-of-title contract only.  The provision as to its being a mortgage is invalid.  The vendor and the vendee can not by agreement make the paper one both retaining title and not retaining title to the same property.  *Smith* v. *DeVaughn*, 82 *Ga.* 574 (9 S. E. 425); *Pitts* v. *Maier*, 115 *Ga.* 281 (41 S. E. 570); *Winn* v. *Tyner*, 139 *Ga.* 765 (78 S. E. 185).  Any contrary holding in *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (66 S. E. 29), *Mitchell* v. *Castlen*, 5 *Ga. App.* 134 (62 S. E. 731), and *Puett* v. *Edwards*, 17 *Ga. App.* 645 (88 S. E. 36), will not be followed, as this court is bound by the ruling in *Smith* v. *DeVaughn*, supra, it being the oldest adjudication on the subject, and having never been overruled or modified, but on the contrary expressly approved by the Supreme Court in several subsequent decisions.

(*a*) Where the same instrument retains title to the property and also stipulates that it is a mortgage upon the property, and the vendor subsequently forecloses the "mortgage" and has the property sold, the entire foreclosure proceedings are a mere nullity, the instrument not being in fact or in law a mortgage.  *Berry* v. *Robinson*, 122 *Ga.* 575 (50 S. E. 378); *Puett* v. *Edwards*, supra.  The foreclosure proceedings, being a nullity and absolutely void, did not amount to a rescission of the contract of sale on the part of the vendor, and did not prevent or estop him from thereafter bringing suit upon the retention-of-title note to recover the purchase-price of the property.

2. Only as against third parties must a retention-of-title contract be probated and recorded.  As between the parties themselves and *persons who have notice,* the reservation of title is good whether recorded or not.  *American Book Co.* v. *Brunswick Co.*, 12 *Ga. App.* 259 (77 S. E. 104); *Tremere* v. *Barfield*, 12 *Ga. App.* 774, 777, 778 (78 S. E. 729).  The phrase "third parties," as used in section 3318 of the Civil Code, means such creditors as have secured a lien upon the property.  John Deere Plow Co. *v.* Anderson, 174 Fed. 815 (98 C. C. A. 523, 23 Am. B. R. 480);. Central Trust Co. *v.* Marietta & North Georgia Ry. Co., 48 Fed. 868 (1 C. C. A. 133).  In this case the defendants' pleas alleged that the title-retention note given for the purchase-price of personal property was executed several months after the sale of the property.  This note was signed by the purchaser of the property, B. W. Bacon, as principal, and by J. E. Bacon as surety.  It was not exe-

cuted in the presence of the vendor or of any witness, and was afterwards delivered in this condition to the vendor by the makers. The note, not having been properly probated, was not entitled to record; and the makers of the note, having delivered to the vendor (the payee) a note so improperly executed by them that it could not be recorded, are estopped in good conscience and in law from thereafter pleading that it was the duty of the payee to have the note recorded. The makers of the note, including the surety thereon, under such circumstances, can not derive any advantage from such a plea. If the risk of the surety was in any way increased by the failure to record the paper, it was due to his own act and the act of his principal in executing and delivering to the vendor such an imperfect note that it could not be recorded. Under these particular facts this ruling is not in conflict with rulings in *Toomer* v. *Dickerson*, 37 *Ga.* 428, *Nance* v. *Winship Machine Co.*, 94 *Ga.* 649 (21 S. E. 901), *Cloud* v. *Scarborough*, 3 *Ga. App.* 7 (59 S. E. 202), and *Cordele Grocery Co.* v. *Thigpen*, 4 *Ga. App.* 643 (62 S. E. 97).

3. Where notice as to intention to sue in a city court for attorney's fees has been given as required by section 4252 of the Civil Code, such fees may be recovered in an action in that court, although at the time of the giving of the notice a suit was pending in the superior court of the county on the same note, the latter suit being dismissed after the giving of the notice that the action would be brought in the city court.

4. Under the foregoing rulings, the court did not err in sustaining the demurrers to the defendants' answers and pleas, and in striking the pleas.

5. There was no error in directing a verdict for the plaintiff for the full amount sued for.         *Judgment affirmed. Hodges, J., absent.*
                    DECIDED DECEMBER 11, 1916.

Complaint; from city court of Americus—Judge Harper. April 17, 1916.

*Wallis & Fort,* for plaintiffs in error.

*James A. & John A. Fort, R. L. Maynard,* contra.