## In re THOMAS.

### Intervention of S. S. WHITE DENTAL MFG. CO.

(District Court, N. D. Georgia, E. D.   September 19, 1922.)

No. 7897.

1. **Bankruptcy ☞140(1)—Conditional sale contract held valid against trustee; "third parties."**

Under Civ. Code Ga. 1910, § 3318, requiring conditional sale contracts to be in writing and attested, to be valid against third parties, but expressly providing that they shall be valid as between the parties, though not in writing, and in which, as construed by the Supreme Court of the state, "third parties" are lienors or purchasers, and do not include general creditors by bankrupt, when he purchased property, that title should remain in the seller until paid for, though not reduced to writing and recorded until within four months prior to bankruptcy, *held* valid against his trustee.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Third Party.]

2. **Bankruptcy ☞165(1)—Conditional sale contract, covering property previously purchased, void as preference.**

A written contract of conditional sale, executed within four months prior to bankruptcy, covering property previously purchased without an agreement for reservation of title, *held* void as a transfer of property of bankrupt to secure an antecedent debt.

In Bankruptcy. In the matter of J. L. Thomas, bankrupt. Intervention of the S. S. White Dental Manufacturing Company. On review of order of referee. Affirmed.

W. C. Cantrell, of Atlanta, Ga., for intervener.

W. V. Lance, of Gainesville, Ga., for receiver.

SIBLEY, District Judge. The intervener seeks to recover certain property sold by it to the bankrupt, Thomas, claiming under a written contract reserving title, dated and recorded about one month before the bankruptcy. The evidence shows that part of the goods mentioned in it were sold six months previously, with an agreement that title was to be reserved until full payment was made, and that a written contract would be made to this effect, and that one was drawn up and sent to Thomas, but not signed by him. Later the paper now relied on was given, covering, not only those goods, but also others yet earlier sold, as to which no such agreement was shown. The referee held the reservation valid against the trustee as to the goods first referred to, and void as to those last named.

[1] The transfer, as security or otherwise, of property of the bankrupt for an outstanding debt made or recorded (where recording is necessary under the state laws) within four months of the filing of a petition in bankruptcy, which is otherwise voidable as a preference, is not aided by a contract to make the transfer more than four months before the bankruptcy, even though such contract was for a then present consideration. This is so because the contract to make the deed or

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

mortgage is not a deed or mortgage. If the contract itself is sufficient as a transfer, it of course stands on its own merits, without aid from the subsequent paper. In re Great Western Mfg. Co., 152 Fed. 124, 81 C. C. A. 341; Lathrop v. Holland, 205 Fed. 144, 123 C. C. A. 375; Page v. Rogers, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332. But in case of a sale, so conditioned that title is not to pass until payment is made, the making or recording afterwards of a paper to evidence the agreement is not a transfer of property of the bankrupt, if the original reservation of title then has legal validity, but is a mere recognition in legal form that the property is not his. Bailey v. Baker, 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275. In the case last cited the contract of retention of title was executed at the time the property was delivered, but not recorded until within four months of the bankruptcy. It was held valid as against the trustee's lien; the court saying:

"Under the recording law of Kansas a contract of conditional sale is valid between the parties, whether filed for record or not, but is void as against a creditor of the vendee, who fastens a lien upon the property by execution, attachment, or like legal process before the contract is filed for record."

The Georgia statute applicable is Civ. Code 1910, § 3318:

"Whenever personal property is sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase-price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves, the contract as made by them shall be valid and may be enforced, whether evidenced in writing or not."

It will be seen that a reservation of title, not reduced to writing and recorded as required, is not valid as against "third parties," but is expressly declared valid, though not evidenced by writing, as between the contracting parties. Now the "third parties" meant are not persons having relations with the buyer, such as his general creditors, but only such as have relation to the property as lienors thereon or purchasers. John Deere Plow Co. v. Anderson (C. C. A. 5th Circuit) 174 Fed. 815, 98 C. C. A. 523; Bacon v. Hanesley, 19 Ga. App. 69, 90 S. E. 1033. This construction of the Georgia statute, which is binding on this court, makes it the equivalent of the Kansas statute dealt with by the Supreme Court. It follows that, no person appearing to have acquired any lien on this property at the time the contract was reduced to writing and recorded, it was then valid as to all persons. No "third person" of the sort named by the statute existed. No one's rights were impaired by putting the contract into the agreed legal form. When, 30 days later, the trustee acquired his lien by bankruptcy, dating back only to the filing of the petition (Bailey v. Baker, 239 U. S. at page 276, 36 Sup. Ct. at page 50, 60 L. Ed. at page 275), the conditional sale was in fact in writing and recorded, as required by law.

[2] The referee correctly held it valid as to the property covered by the contract, which it really integrated. As to that property there was no preference, because of the present consideration for the original contract, and because the property was not really the property of the

bankrupt. It is otherwise as to the other property embraced and the debt for its purchase. That property was the property of the bankrupt, and the debt for it was a mere antecedent debt, and the effort to secure it in this form, if enforceable at all, whether as a mortgage or bill of sale to secure the debt, was apparently voidable as a preference.

In this case letters and other writings made at the time remove from doubt the true existence of the original agreement to retain title. Cases may arise in which, immediately before an anticipated bankruptcy, attempts may be made to secure sellers of goods by inventing a previous retention agreement and giving and recording a writing. This is the very kind of fraud the statute was intended to prevent. Harp v. Patapsco Co., 99 Ga. 752, 27 S. E. 181. The greatest care, of course, must be taken in weighing the evidence in such cases, and the proof should be clear and satisfactory.

The judgment of the referee is affirmed.