*Strozier & Deaver,* contra.

---

14316.   Whatley *v.* Virginia-Carolina Chemical Company.

Jenkins, P. J.   Defendants were sued upon a promissory note dated May 28, 1919, for the purchase-price of fertilizer, which note included a mortgage whereby one of the signers of the note mortgaged to the payee "all crops of cotton or corn, or other agricultural products grown or cultivated" by him in the county stated, "for the year 1919." The instrument was attested by only one witness and was not recorded. The mortgagor defendant filed no defense. The other defendant signing the note filed a plea that he had received no benefit from the fertilizer and signed only as surety, and that the plaintiff, by failing to record the mortgage and thus increasing his risk, had released him from liability. He excepts to the directing of a verdict for the plaintiff. *Held:* Judicially recognizing as a matter of public knowledge (Civil Code of 1910,

§ 5734) that crops of cotton and corn cultivated upon the land of the maker of the mortgage were not mature so as to be detached from the soil at the time of its execution on May 28, 1919, and the subject-matter of the instrument therefore being realty, in order to be entitled to record it must have been attested by two witnesses, one an official. *Farmers Warehouse Co.* v. *First Nat. Bank*, 152 *Ga.* 262 (2 *a*) (109 S. E. 900); Civil Code (1910), § 3257. But, in this connection, see Ga. L. 1922, p. 114; *Kelly* v. *Monroe Cotton Mills*, 30 *Ga. App.* 609 (118 S. E. 593). Since the paper in question was attested by only one witness, it was not entitled to record. Under the ruling made in *Bacon* v. *Hanesley*, 19 *Ga. App.* 69 (2) (90 S. E. 1033), the signers of the paper, in order thereafter to plead that it should have been recorded, were charged with the duty of delivering it to the payee so executed as to entitle it to record; and having thus failed, the alleged surety is for this reason estopped from setting up such defense. Determining the case upon this view, that the defendant, even if a surety, could not set up the injury claimed, it is unnecessary to consider whether or not, or by what pleadings, the defendant was entitled to plead and prove the fact of his suretyship, or under what circumstances the failure to record the mortgage, had it been properly witnessed, would have released the surety. See, in this connection, the case of *Seymour* v. *Bank of Thomasville*, now pending in the Supreme Court, from this court. The execution of the note not being in dispute, the court did not err in directing a verdict for the plaintiff. (For decision in *Seymour* case, supra, see 157 *Ga.* 99.)

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided November 27, 1923.

Complaint; from Taylor superior court—Judge Munro. December 13, 1922.

*C. W. Foy,* for plaintiff in error.

*Montfort & Robinson,* contra.