## FLEMMING *v.* DRAKE *et al.*

1. The judgment sustaining the "general demurrers of both defendants" is to be construed as sustaining all grounds thereof, including that relating to lack of jurisdiction.
2. Section 3318 of the Civil Code is in the nature of a statute of frauds; and the clause, "every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise," outlaws all such reservations of title as against third persons where the contract is not written. The words "third parties" include creditors, but are not restricted to them, and are to be construed literally.
3. For lack of jurisdiction, an equitable action jointly against the vendee in such invalid-reservation contract and his transferee, brought in the county of the transferee's residence, to recover as in trover the article sold, and to reform the contract so as to make it include a description of that article, did not lie.

No. 5443. FEBRUARY 26, 1927.

Equitable petition. Before Judge Yeomans. Early superior court. April 8, 1926.

*P. Z. Geer,* for plaintiff. *A. H. Gray,* for defendants.

ATKINSON, J. Flemming Motor Company instituted an action in the superior court of Early County against Chester A. Drake, a resident of Early County, and Jesse A. Drake, a resident of Miller County. The action was in part in the nature of a bail-in-trover to recover a described automobile of a stated value, alleged to be in the possession of Chester A. Drake, and in part an equitable suit to reform a written contract of conditional sale executed by the plaintiff as vendor and Jesse A. Drake as vendee, containing reservation of title in the vendor until a stated balance of the pur-

Pleading, 31 Cyc. p. 301, n. 49; p. 346, n. 82.
Sales, 35 Cyc. p. 663, n. 90; p. 675, n. 85; p. 678, n. 98; p. 708, n. 22.
Trover and Conversion, 38 Cyc. p. 2063, n. 82.
Venue, 40 Cyc. p. 100, n. 95.

chase-price should be paid. The action was instituted several months after the property in dispute was delivered by the vendor to the vendee. It was alleged that the instrument sought to be reformed, by mutual mistake of the parties, failed to describe the automobile that was actually sold and delivered to the purchaser and now in controversy, but described a different automobile, and that reformation was desired in order to make the instrument express the true contract. The petition contained four counts which were identical, except paragraph ten of each count. It was alleged that Chester A. Drake was not a bona fide purchaser of the automobile from his brother, Jesse A. Drake, for the several reasons: (1) because he knew or by ordinary care could have known that the reservation of title in the contract was intended to cover the car in his possession; (2) because the car was merely "turned . . over" to him by Jesse A. Drake "for some purpose unknown to" plaintiff; (3) because "he has not paid one cent" to Jesse A. Drake for the car; (4) because Jesse A. Drake "merely delivered" the car to him "without receiving one penny" for the same. Chester A. Drake filed a demurrer on the grounds that the petition fails to allege a cause of action against him; that the petition is multifarious; and that there is a misjoinder of parties defendant. Other grounds of demurrer related to special paragraphs of the petition. Jesse A. Drake filed a demurrer on the grounds that the petition fails to allege a cause of action against him; that it appears from the petition that he is a resident of Miller County, and the superior court of Early County is without jurisdiction, it appearing that the petition prays for equitable relief against this defendant alone, and does not ask for substantial relief against any defendant or party resident in Early County; that there is a misjoinder of parties defendant; and that the petition is multifarious. The court sustained the "general demurrers of both defendants," and dismissed the petition. The exception is to this judgment on the ground that it is contrary to law.

1. An objection to a petition on the ground that it shows upon its face a want of jurisdiction may be raised by general demurrer. *Ruis* v. *Lothridge,* 149 *Ga.* 474 (100 S. E. 635). The judgment upon which error is assigned should be construed as sustaining the demurrer relating to jurisdiction, as well as all other grounds of general demurrer.

2. The Civil Code (1910), § 3318, declares: "Whenever personal property is sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase-price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves; the contract as made by them shall be valid and may be enforced, whether evidenced in writing or not." This statute is in the nature of a statute of frauds (*Merchants & Mechanics Bank* v. *Cottrell,* 96 *Ga.* 168, 23 S. E. 127), and the clause "every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise," outlaws all such reservations of title as against third persons where the contract is not in writing. This principle is the basis of the decisions in the cases of *Mann* v. *Thompson,* 86 *Ga.* 347 (12 S. E. 746); *Austin* v. *Hamilton,* 96 *Ga.* 759 (22 S. E. 304); *Wood* v. *Evans,* 98 *Ga.* 454 (25 S. E. 559); *Harp* v. *Patapsco Guano Co.,* 99 *Ga.* 752 (27 S. E. 181); *Penland* v. *Cathey,* 110 *Ga.* 431 (35 S. E. 659); *Farmers Bank of Doerun* v. *Avery,* 145 *Ga.* 449 (89 S. E. 409). See also In re Atlanta News Pub. Co., 160 Fed. 519. The statute was construed as above, by all the Justices, in *Rowe* v. *Spencer,* 140 *Ga.* 540 (79 S. E. 144, 47 L. R. A. (N. S.) 561), but the "reservation of title" was sustained by the majority opinion, under the peculiar facts of the case, as against a bona fide purchaser for value from the vendee. The facts were that the parol conditional-sale agreement was made about midday and reduced to writing before delivery of the property, but not signed because there was no notary to attest the paper. It was carried by the vendee with the property to another town, to be signed by him and his father and attested by a notary and mailed back the next morning to the vendor. It was duly signed by the vendee alone, attested, mailed back to the vendor, and subsequently recorded as provided by law. However, a few hours after the conditional-sale agreement was reduced to writing and before it was signed; the vendee sold the property at a fair value to a purchaser without notice of the agreement. The reservation of title was

sustained on the theory that the whole conditional-sale transaction was "in fieri" at the time the property was delivered and until the contract was signed and mailed back to the vendor the next morning, and that it was thereafter duly recorded, thus making the writing and signing and delivery of the paper contemporaneous with delivery of the property. Lumpkin, J., forcefully dissented from this view, stating that it contravened the mandatory provisions of the statute, and that the vendor acted at his peril in delivering the property before the written contract was signed.

"Third parties" as employed in the statute of course include creditors, but it has never been held by this court to include creditors alone. A restriction such as that would exclude purchasers who deserve protection certainly as much as pre-existing creditors who did not extend credit to the vendee on the faith of his ownership of the property. Several of the above-cited cases refer to creditors of that class. The proper construction of the statute is that "third parties" should be construed literally, and that as to them it is essential to a vendor's reservation of title that the conditional contract of sale be in writing. The statute thus construed tends to prevent perjury, to discourage fraud, and accomplish security of property, which was evidently the intention of the legislature in enacting the law. In the present case, if the Flemming Motor Company sold and delivered the automobile to Jesse A. Drake under a parol agreement that title should remain in the vendor until the purchase-price should be paid, the reservation of title would be valid as against said vendee, but it would be invalid as against Chester A. Drake, and could not be the basis of an action against him.

3. There being no cause of action alleged against Chester A. Drake, jurisdiction as to him in Early County would not draw jurisdiction as to Jesse A. Drake, a resident of Miller County, merely because he was joined as a party defendant. *McClellan* v. *American Tie & Timber Co.*, 135 *Ga.* 370 (69 S. E. 486). The venue of an action of trover is in the county of the residence of the defendant. Civil Code (1910), § 5526; *Hall* v. *Roehr*, 10 *Ga. App.* 379 (73 S. E. 550). Although a reservation of title under a parol contract as heretofore referred to would be valid as between the vendor and vendee, a suit in trover against the vendee would be improperly brought in Early County, the vendee being

a resident of Miller County. The vendor and vendee undertook to reduce their contract of conditional sale to writing, but it is alleged that by mutual mistake the automobile which was the subject of sale was not described in the instrument; and there was a prayer for the equitable relief of reformation. Chester A. Drake was not a party to that transaction. Jesse A. Drake was the only vendee, and he was a resident of Miller County. In these circumstances the court of Early County, in which the suit was brought, did not have jurisdiction to grant the equitable relief. Civil Code (1910), § 5527. See also *Vizard* v. *Moody*, 115 *Ga.* 491 (41 S. E. 997); *Brindle* v. *Goswick*, 162 *Ga.* 432 (2) (134 S. E. 83). The judge did not err in sustaining the general demurrers and in dismissing the action as to both defendants.

*Judgment affirmed. All the Justices concur, except Hines J., dissenting, and Hill, J., absent for providential cause.*

HINES, J. I can not agree to the rulings made by the court in the latter paragraph of the second division of the opinion. The Flemming Motor Company sold to Jesse A. Drake an automobile under an oral contract of sale, in which title was reserved in the vendor until the purchase-price was paid. The seller instituted, in Early superior court, an action of trover against Chester A. Drake, a resident of Early County, and Jesse A. Drake, a resident of Miller County. The majority of the court hold that the action would not lie against Chester A. Drake, although he had no title to, interest in, or lien on the automobile, nor had he extended credit on the apparent ownership of the machine to the purchaser; in other words, the majority hold that an oral contract of sale, in which title is reserved, while good between the parties, is invalid against all other parties whatsoever. This involves a proper construction of section 3318 of the Civil Code. This section declares that a "conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise;" that "the written contract of every such conditional sale shall be executed and attested in the same manner as' mortgages on personal property;" but that, "as between the parties themselves, the contract as made by them shall be valid and may be enforced, whether evidenced in writing or not." Do the words "third parties" embrace all the world except the parties themselves? To arrive at the meaning of this term, we must look to

the object of this statute. Before the passage of the statute now embraced in this section, a parol reservation of title was good not only against the vendee, but against all persons dealing with him. *Goodwin* v. *May*, 23 *Ga.* 205. The manifest purpose of the statute was to protect persons dealing with the vendee in a conditional contract for the sale of personalty. In *Merchants & Mechanics Bank* v. *Cottrell*, 96 *Ga.* 168, 170 (supra), this court said: "The main object of the statute was to prevent frauds and perjury which, in the absence of such a law, might be practiced by debtors and others in collusion with them to defeat creditors seeking to subject to their claims property apparently belonging to the debtor." The term "third parties," as used in this section of the Code, and in accordance with the general law, means creditors having a lien on the property conditionally sold, and not ordinary creditors, and as to the latter the conditional-sale contract was valid though not recorded. In *Bacon* v. *Hanesley*, 19 *Ga. App.* 69 (90 S. E. 1033), it was held that "The phrase 'third parties,' as used in section 3318 of the Civil Code, means such creditors as have secured a lien upon the property. John Deere Plow Co. *v.* Anderson, 174 Fed. 815 (98 C. C. A. 923, 23 Am. B. R. 480) ; Central Trust Co. *v.* Marietta & North Georgia Ry. Co., 48 Fed. 868 (1 C. C. A. 133)." These words do not include one whose title has been acquired by gift, and who has parted with no valuable consideration. *Kaplan* v. *Collier*, 16 *Ga. App.* 620, 622 (85 S. E. 946). So clearly the term "third parties" embraces only purchasers from the vendee in the conditional bill of sale, creditors who have obtained liens on the property by contract or by operation of law, or who have extended credit to the vendee on the strength of his apparent ownership of the property. It was never intended by this statute to protect persons who had not purchased from the vendee the property to which title was reserved by the seller, who had no interest in such property, who had acquired no lien thereon, and who had extended no credit to the vendee upon the strength of his apparent ownership of the property. The object of the statute was to prevent fraud, not to protect fraud. A parol reservation of title is admittedly good between the parties. It is equally good between the seller and others who have no title to, interest in, or lien on the property to which the title is reserved by the seller. It was never intended by this statute to permit a

person, by merely getting possession of property, and who. had no title to, interest in, or lien on it, to defeat the just rights of a seller merely because the reservation of title was not evidenced in writing. The statute of frauds was never intended to encourage fraud. *Robson* v. *Harwell*, 6 *Ga.* 589; *Jenkins* v. *Lane*, 154 *Ga.* 454 (115 S. E. 126).

So I am unable to agree to the opinion of the majority which holds that a parol reservation of title can not be enforced against a person who has acquired no interest in the property title to which has been reserved by the seller under an oral contract of sale. A written conditional sale of personalty is good against all persons who do not acquire liens against the vendee after the sale is made; and if the sale is recorded as well as written, it is good even against them. *Rhode Island Loco. Works* v. *Empire Lumber Co.*, 91 *Ga.* 639 (17 S. E. 1012).