20840. PERSONAL FINANCE COMPANY *v.* BAILIE.

JENKINS, P. J.  A note for the purchase of goods, containing a title-retention agreement in the following language: "It is agreed that the title to the above property shall remain in Bailie Furniture Company, or their assigns, until the full purchase-price thereof, with all interest and costs, shall have been paid," is in strict conformity with the conditional-sale statute (Civil Code of 1910, §§ 3318, 3319), which provides that "whenever personal property is sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase-price shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise." The ruling made by this court in *Grady* v. *Harris,* 41 *Ga. App.* 111 (151 S. E. 829), to the effect that a security deed under the Civil Code (1910), § 3306 et seq., made by the owner of property to his creditor, whereby he puts title in the vendee "until the above-named indebtedness is paid in full," contains such a defeasance clause as would constitute the instrument a mortgage and not a security deed, has no application to an instrument like the one involved in the present case. The vendee in this case never owned title, and the purpose of the agreement was to show that the delivery was not intended to pass title as provided by the statute. See, in this connection, *Bacon* v. *Hanesley,* 19 *Ga. App.* 69 (90 S. E. 1033). The court did not err in treating the instrument as a conditional-sale agreement such as would support an action in trover.  *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1931.

*John F. Hardin, Hammond & Kennedy,* for plaintiff in error.
*P. C. O'Gorman, W. K. Miller,* contra.