Q. L. Bryant, J. R. McCracken, M. C. Barwick, contra.

22476. BRUMBY CHAIR COMPANY v. CITY OF COLUMBUS.

HOOPER, J. 1. "Where personal property is delivered to another under an agreement that he is to pay cash therefor, and where the cash payment is made by a check, which the person receiving believes to be good, but which afterwards proves to be worthless, no contract of sale arises, and no title to the property passes." Chafin v. Cox, 39 Ga. App. 301 (147 S. E. 154).

2. "But where, under the express or implied terms of a sale, the purchase-price is to be paid upon delivery of the goods, and the vendor, without collecting the purchase-price, nevertheless proceeds to make delivery in pursuance of his contract, and the vendee, after such delivery, proceeds to resell the goods to a bona fide purchaser for value, the rights of such innocent third person are governed by the provisions of sections 3318 and 3319 of the Civil Code relative to conditional sales, and the vendor can not recover the goods from such innocent purchaser, where the terms of sale had not been reduced to writing and recorded as required by statute." Morris v. Walker Bros. Co., 29 Ga. App. 476 (2) (116 S. E. 201).

3. In the instant case it appears that the manufacturer agreed to sell for cash to a dealer in office supplies in Columbus, Georgia, a number of breakfast chairs which the City of Columbus had ordered from the dealer on open account, for use in its city hospital. The chairs were brought by an employee of the manufacturer in a truck to the dealer's place of business in Columbus, whereupon the dealer gave its check for them to the manufacturer and directed the driver to make delivery to the city hospital; and this he did. The dealer thereupon received from the city payment for the chairs. The check was dishonored, and the manufacturer instituted this action in trover against the city to recover the chairs, contending that the title thereto had not passed to the dealer and consequently had not vested in the city. On the trial a verdict was directed in favor of the city, and the manufacturer excepted. Held:

(a) The manufacturer having actually delivered to the city the articles sued for, and the city, without knowledge of the foregoing facts, having in good faith paid the dealer therefor, the manufacturer can not recover the property or the value thereof from the city. "When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury must bear the loss." Civil Code (1910), § 4537.

(b) The invoice accompanying the chairs, which showed that the sale to the dealer was a cash sale, was not in and of itself sufficient to put the city on notice that such payment for the chairs had not been made by

the dealer. On the contrary, the delivery of the goods to the city by the agent of the manufacturer would tend to indicate that the latter had theretofore received payment therefor from the dealer.

(c) The mere fact that the said dealer in office supplies did not customarily carry these chairs in stock, and that the chairs were breakfast-room chairs, intended to be used by the city as office furniture, does not, as contended by the plaintiff in error, alter the ruling here made.

4. While paragraph 3 of the defendant's answer (when considered as a plea of estoppel) might have contained defects for which a written and timely special demurrer would have effected a cure, it nevertheless contained allegations which were relevant and material to the defendant's case, and the oral motion to strike the same in its entirety was properly overruled.

5. The trial judge did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED DECEMBER 20, 1932.

*Hatcher & Hatcher,* for plaintiff.
*William deL. Worsley,* for defendant.