36824. MADDOX *et al. v.* STONE.

FELTON, C. J. 1. In order for a conditional-sale contract to be valid and have precedence of a judgment creditor, it must be in writing and be attested. Code §§ 67-1401, 67-1402; *Flemming* v. *Drake,* 163 *Ga.* 872 (2) (137 S. E. 268); *Mann* v. *Thompson,* 86 *Ga.* 347 (12 S. E. 746); *Harp* v. *Patapsco Guano Co.,* 99 *Ga.* 752 (27 S. E. 181); *Hill* v. *Ludden & Bates Southern Music House,* 113 *Ga.* 320 (38 S. E. 752).

2. It follows that where an automobile was delivered to one undertaking to purchase it on November 24, 1956, together with an invoice showing the name of the seller and purchaser and containing the statement to the effect that the purchase price was to be paid by check in the amount of $1,648 and that title to the automobile was to remain in the seller until all checks or drafts presented in payment had cleared the seller's bank, and which invoice was not signed by anyone and was not attested, the title to the property passed to the purchaser upon delivery as to an attaching creditor despite the fact that the check given for the purchase price on December 8, 1956, was returned on account of insufficient funds. The rule obtains whether the sale was cash or credit. *Morris & Co.* v. *Walker Bros. Co.,* 29 *Ga. App.* 476 (2) (116 S. E. 201); *Brumby Chair Co.* v. *City of Columbus,* 46 *Ga. App.* 163 (167 S. E. 221).

3. The court trying the case without a jury correctly found against the seller claimants and in favor of the right of the attaching creditor to proceed upon its execution based on the attachment.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED SEPTEMBER 24, 1957—REHEARING DENIED
OCTOBER 9, 1957.

*Howard & Harmon, James C. Howard, Jr.,* for plaintiffs in error.

*Northcutt & Edwards, Edwin R. Johnston,* contra.

ON MOTION FOR REHEARING.

It is contended by movant that the provision in the invoice that title to the automobile was to remain in the seller until all checks or drafts presented in payment had cleared was not

a contract retaining title but was only a statement of law governing cash sales. The gravamen of the movant's contention is that the sale was a cash sale and since no credit was extended on the faith of the ownership of the property the lien of the attachment should be subordinated to the rights of the seller. This argument makes mighty good sense. The trouble is it has been made before and turned down as the cases cited will show if they are carefully read. Code §§ 67-1401 etc., were enacted to prevent fraud and collusion. Retention-of-title contracts, express or implied, are prohibited as to third parties unless written and attested. The cases cited show that such attempted oral contracts are void as to judgments rendered even before the sale involved. The cash sale argument insisted on by movant was covered by Judge Jenkins in *Morris & Co. v. Walker Bros. Co.*, 29 *Ga. App.* 476 (2) supra. The court said: "But where, under the express or implied terms of a sale, the purchase-price is to be paid upon delivery of the goods, and the vendor, without collecting the purchase-price, nevertheless proceeds to make delivery in pursuance of his contract, and the vendee, after such delivery, proceeds to resell the goods to a bona fide purchaser for value, the rights of such innocent third person are governed by the provisions of sections 3318 and 3319 of the Civil Code [1933, §§ 67-1401, 67-1403], relative to conditional sales, and the vendor can not recover the goods from such innocent purchaser, where the terms of sale had not been reduced to writing and recorded as required by the statute." The cases cited in the second headnote deal with innocent-purchaser cases but the principle involved is also applicable to creditor cases as well because *Flemming v. Drake*, 163 *Ga.* 872, supra, holds that "third parties" includes creditors. *Evans Motors of Georgia v. Hearn*, 53 *Ga. App.* 703 (186 S. E. 751) has to do only with the failure to record a written conditional-sale contract on a law-lien obtained subsequently to the contract. (The General Assembly has not yet amended the acts and laws referred to in the *Hearn* case to put unrecorded conditional-sale contracts in the same class as unrecorded mortgages and bills of sale or deeds to secure debt.) So whether the sale was a cash sale where delivery was made without payment of purchase price, or whether the sale was a credit sale with time

for the payment of the purchase price extended into the future, the Code sections cited in the first headnote, as interpreted by the Supreme Court, govern and the motion for a rehearing must be

*Denied.*