39099.   STEPHENS, by Next Friend v. METCALF *et al.*

TOWNSEND, Presiding Judge.   *Code* § 67-1401 provides: "Whenever personal property shall be sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise." The term "third parties" includes a judgment creditor of the conditional vendee who has caused a levy to be made against the property. *Harp v. Patapsco Guano Co.*, 99 Ga. 752 (27 SE 181); *Maddox v. Stone*, 96 Ga. App. 487 (100 SE2d 740). The automobile which was the subject of the claim in this claim case was not in the possession of the defendant in fi. fa. when the levy was made, and the burden was accordingly upon the plaintiff in fi. fa. to show a leviable interest. However, the undisputed evidence was to the effect that the claimant had sold the automobile to the defendant and delivered possession and evidence of title to him, receiving a check in payment, and orally reserved title in himself until the check cleared. The check did not clear and the vendor sought to assert title in himself by reason of this fact. As between the parties, his contention would have been sound, but as to a third party, the plaintiff in fi. fa., he was pre-

cluded from thus asserting title after the levy was made, for the reason that the reservation of title was not in writing.

The Judge of the Superior Court of DeKalb County erred in denying the certiorari from the Civil and Criminal Court of DeKalb County complaining of the action of the trial judge in awarding the property to the claimant.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

DECIDED SEPTEMBER 28, 1961—REHEARING DENIED OCTOBER 23, 1961.

*Melvin Pazol, Charles W. Anderson, Thomas G. Myers,* for plaintiff in error.

*Fisher & Phillips, John C. Bracy,* contra.