## THE EQUITABLE LIFE ASSURANCE SOCIETY vs. MAY.

Executors, acting under a direction in the father's will, having collected a policy of insurance, to the proceeds of which his children were entitled, and the children having procured a decree in chancery against the executors for the whole amount of the collection, one of them cannot afterwards recover against the insurance company in an action on the policy. The obtainment of a decree against the executors was an election to treat the policy as extinguished, and the act of the executors in collecting the money was thereby ratified.

April 8, 1889.

Executors. Insurance. Actions. Decrees. Ratification. Estoppel. Before Judge HARDEN. City court of Savannah. July term, 1888.

On October 22d, 1887, Asa May sued the Equitable Life Assurance Society of the United States, upon a policy on the life of Asa May, father of the plaintiff, for $10,000, with participation in profits. It recites that said insurance is in consideration of the payment of $450.90 by Margaret M., wife of Asa May (who

will be called hereafter in this report Asa May, Sr.), and of the annual premium of the same amount to be thereafter paid during the life of the assured. The policy is, by its terms, made payable to "said Margaret M. May, and the children of said Asa May, share and share alike, their executors, administrators or assigns."

In addition to the general issue, the defendant pleaded thus : Asa May, Sr., died in May, 1878, testate. By the sixth item of his will he provided as follows :

"If at the time of my decease any of my children are under the age of twenty-one years, I give, devise and bequeath the portion or portions of such infant or infants to the persons herein named as executors, as trustees for such infant or infants, to hold such portion or portions in trust for the use and benefit of such infant or infants until they arrive successively at the age of twenty-one years, and then to convey and deliver the said portions, with the profits and increase, to such infants as they severally become of lawful age, free from the further operations of the trust and subject to the terms of this will as the shares of the older children, and this shall be in lieu and place of the appointment of any guardians of the property of such infants by the courts."

The seventh item of said will provided that, as to the policy sued upon in this case, it was the original purpose of testator that its proceeds should be used for the education of his children ; but so far as he has right and power to control the same, he directs that his executors collect the amount due upon it and pay out of said amount his debts so that his lands and other property might be left free from incumbrances, being satisfied that the interest of the legatees and devisees would be thus best advanced and promoted ; but the amount thus used of said proceeds to be ultimately made up out of the residue of his estate to his wife and children, according to the terms of the policy ; any surplus that might exist after the payment of his debts to be reserved for the immediate expenses of the education of his children, but such amounts to be ultimately

made up out of his estate. Said will was duly pro-
bated, and three of the executors named therein duly
qualified and undertook to execute its provisions, and
after the proof of the death of said Asa had been
made, said executors made claim on the defendant for
the amount due on the policy, as such executors and as
trustees for the minor children of said Asa May, Sr.,
one of whom was plaintiff; and about August 16th,
1878, defendant paid the same to said executors, who
received it as such trustees. About November 18th,
1882, said plaintiff and others, children of Asa May,
Sr., brought suit in the circuit court of Jefferson
county, Florida, against the executors, to recover the
amount paid by defendant to them. Plaintiff elected to
treat the provisions of the will as valid and binding upon
him and to take under them; he has ratified the act of
the executors, and is now estopped to claim that they
were not authorized to make the collection. They
received one sixth of the amount of the policy in trust
for plaintiff, who afterwards, and before the bringing
of this case, with full knowledge of his rights and of
the fact that the executors had so made the collection,
received from them a part of the proceeds of the policy,
and is thereby estopped to claim anything from the
defendant. Out of the proceeds of the policy so col-
lected, the executors paid plaintiff $420.37, for which
plaintiff must account to defendant if he is entitled to
recover. On November 12th, 1887, a final decree was
rendered in said suit in Jefferson county, Fla., whereby
it was, among other things, decreed that complainants
should recover against the executors, $10,071.87, with
costs, and that said executors should pay to plaintiff in
this case $2,256, with interest; said decree being ren-
dered for the amount of the policy and the complain-

ants' share thereof paid to said executors by this defendant.

Upon the trial, plaintiff introduced the policy sued on, and testified in behalf of himself to the following effect : He was a son of Asa May, Sr.; was twenty-five years old May 10th, 1887. One of his sisters, Sue, is two years or more younger than he, and his brother, Robert, was twenty-one in December, 1886. No one has ever acted as guardian for plaintiff, and he believes that neither his sister Sue nor his brother Robert have ever had a guardian. Asa May, Sr., died in 1878, leaving five children who are still in life. Plaintiff knew of the suit in Jefferson county ; does not claim that no one represented him in that suit; it has been dismissed on his part, not continued—that is, the same parties are not carrying it on ; he has ceased to take an active part in it, but does not mean to say he was not a party to it. Since his father's death, he has acted as overseer for his mother ; she boarded him during the time he stayed with her, but according to their agreement she was not to charge him for board ; he thinks his services as overseer worth $50 a month, and that Asa May, Sr., did not know he was insolvent. Mrs. May did not know that her husband was insolvent, and expected the insurance money to go to the children. If witness ever received any part of this insurance money, he did not know it at the time ; if he acknowledged the receipt of the $72 as such, he did so through ignorance. Commenced work for his mother about August 17th, 1879, and has been running the place for her ever since. Thinks he knew Mr. Pasco collected the insurance money, but considered that he had no right to do it ; he understood that it could not be used to liquidate the estate's debts ; always considered that Pasco had the money, and knew of the suit brought against the executors by himself and his

brothers and sisters; went into it with the others knowing of it.

Plaintiff also proved a demand in his behalf upon the defendant, and its refusal to pay on the ground that they had already paid once.

For defendant the following testimony was introduced: The transcript of record in the case of John E. Morris in right of his wife, Carrie M. Morris in her own right, and Asa May, Robert E. Lee May and S. F. May, minors, by next friend Joel M. Morris, vs. Margaret M. May, Elliott M. May and Samuel Pasco, executors of Asa May, Sr. From this record it appears, briefly stated, that on November 18th, 1882, the complainants filed their bill in the circuit court of Jefferson county, Florida, against the defendants, seeking, as children of Asa May, Sr., to recover from defendants the money which they alleged Samuel Pasco had collected from the insurance policy, and which, they alleged, said executors and executrix had illegally converted, paying out most of it to the creditors of the said Asa May, Sr. Also the answer filed by Samuel Pasco, for himself and the other defendants, in which he alleges that the proceeds of the policy received by said defendants were properly disposed of, being paid mostly to creditors of Asa May, Sr., of which action the accounts of said defendants were filed in the county court of Jefferson county, and had been approved and confirmed; that there was a residue in the hands of defendants, except some amounts advanced to complainants; that a suggestion of the insolvency of the estate had been filed in said county court, and the estate was being settled as is customary in such cases, but no order had there been made as to the final disposition of said insurance fund; that Asa May, Sr., was heavily in debt when he took out said policy; that he paid the premiums thereon out

of his own property; that in consequence of the debts he then owed, and the obligations he entered into prior to the payment of any of the premiums, his estate became insolvent, and for this reason he made the provisions in his will which have been heretofore stated. Also a replication to this answer; the appointment of an examiner; copy of the will of Asa May, Sr., the purport of which, so far as it relates to this case, has already been sufficiently stated; a decree dated December 3d, 1886, that the complainants were entitled to recover from the defendants four sixths of the proceeds of the policy, and directing a reference to a master that an account might be stated between the parties as to how much the complainants had received from the proceeds of the policy, and how much had been paid by the executors for their use or benefit, the amount of such proceeds remaining in the hands of the executors, and the amount used by them in paying the debts of the testator. Also a decree of said court, dated August 5th, 1887, that complainants recover of defendants $10,732.42, the money to be paid by defendants out of the proceeds of the policy and out of the goods, etc. of Asa May, Sr., deceased, which came into their hands to be administered, in preference to the debts due by Asa May, Sr., deceased, and in default of payment, that execution should issue to be levied on the goods, etc. of said Asa May, Sr., deceased, which came into the hands of said defendants to be administered. Also the petition of Samuel Pasco asking that the last mentioned decree be set aside and a rehearing granted, for causes therein set forth. Also an order for rehearing, as prayed, dated November 12th, 1887. Also decree November 12th, 1887, which is substantially a repetition of the other decree last above mentioned, except the full sum recovered by the plaintiffs is $10,071.87, and except that said Samuel Pasco is ordered

to pay the plaintiffs $1,418.50 of the money collected on the said policy then in his custody and control. Also execution, which seems to have issued on said decree, in favor of plaintiffs for $10,071.87, with interest and costs, to be levied on the goods, etc. of Asa May deceased, which came into hands of defendants to be administered.

The defendants also introduced the proofs of loss which were made upon the death of said Asa May, Sr., together with correspondence between it and Samuel Pasco and his co-executor and co-executrix, the three latter claiming the right to receive the money on the policy as trustees for the four minor children for four sixths interest, said co-executor and co-executrix claiming one sixth interest; and tending to show that the amount of $10,036.60 was received by said Pasco with the consent of Mrs. May and E. M. May. The defendants also introduced answers to interrogatories of Samuel Pasco, which, briefly stated, were, that Asa May, Sr., was insolvent when he died and had been for some years before, though he did not seem to fully realize it; that said Asa May, Sr., paid the premiums on the policy; that the amount of the policy was collected by the executors and trustees, and the money passed through the hands of Pasco; that it was applied to the payment of the debts of Asa May, Sr., and for making outlays and advances for the benefit of the children; accounts being duly rendered thereof to the county court and approved and confirmed, an account as to this insurance fund being kept and rendered separate as the will directed; that Asa May, Jr., received money from time to time from the executors and trustees out of the proceeds of the policy, and his acknowledgment for part thereof was on file in the county court. Voucher for this is contained in the answers, showing $72.50 so paid,

acknowledged by Asa May, Jr., to be true and correct; that he received from his mother, who had-part of the insurance money in her hands and who boarded and clothed him and paid large sums on account of his expenses at school, $430.29, and in addition was paid $15.00 by the executors out of this money; that the executors paid $6,204.65 on the debts of Asa May, Sr., out of the insurance money, and that Mrs. May, in her account with the estate and insurance fund, was behind more than $4,000.00. In answer to the question as to whether the plaintiff had ratified the action of his father's executors and executrix in receiving and disposing of said insurance money, the witness stated that no objection was ever made by plaintiff, before or since he became of lawful age, to witness, or so far as he knew, to the others, in regard to such action; and witness then referred to the litigation in the circuit court of Jefferson county, heretofore sufficiently set forth.

The case was heard, by agreement, before the judge below on law and facts, without the intervention of a jury, and he rendered judgment in favor of plaintiff for $1,666.66, with interest thereon from August 4th, 1887 (the date upon which it was shown that demand was made in behalf of plaintiff by his counsel of defendant for payment), at the rate of six per cent. per annum, the rate of interest allowed by the State of New York. To this judgment the defendant excepted.

CHISHOLM & ERWIN and W. R. LEAKEN, for plaintiff in error.

GARRARD & MELDRIM and D. W. ROUNTREE, contra.

BLECKLEY, Chief Justice.

May, the father and husband, having a life insurance

policy payable to his wife and children, died testate. In his will he gave directions concerning the collection of the policy and the application of its proceeds. In so far as he could do so, he conferred authority up'on his executors to collect the money and apply the same in conformity to his testamentary scheme. The executors having made the collection from the insurance company, the children ·filed a bill against them claiming the fruits of the collection. That bill was prosecuted to a final decree, and resulted in an adjudication establishing the rights of the children to the money which the executors had realized on the policy. Whilst the bill was pending and before final decree thereon, May, the present defendant in error, one of the beneficiaries, commenced a suit against the insurance company upon the policy. This action was defended, in part, upon the doctrine of ratification; and by plea duly filed before final judgment, the recovery of the decree in the equity cause was set up in bar. The court held it to be no bar, inasmuch as satisfaction thereof had not been obtained. The controlling question for our decision, therefore, is whether, upon the facts of the case, a decree in behalf of the son against the father's executors, charging them with the money realized upon the policy, will defeat the son's action founded on the policy itself, against the insurance company. The son, though a minor when the equity cause was commenced, was of full age, and had been so for some years, when the decree was rendered. The facts are stated at large in the official report.

Certainly the money which the executors derived from the insurance company in satisfaction of the policy, could not become property of the owners of the policy except by ratification on their part of the act of collection. Otherwise that money would have belonged to the insurance company after its payment to the exec-

utors, as fully as it did before. The owners of the policy could not have title to it but by election to treat it as their money in the hands of the executors. This they did; and their doing so was essential to obtaining the decree which was rendered in their favor against the executors. The father, by his will, assumed to confer such authority as he could upon his executors to make the collection. In so doing, he might be supposed to have acted in behalf of his children, as well as for the general interests of his estate. No doubt the children had the right, had they chosen to exercise it, to repudiate this act. But instead of doing so, they chose to adopt it and to claim the fruits of the authority to collect which that act endeavored to create. By the decree the money was adjudged to belong to the children; and that necessarily excludes any title to it in the insurance company. If it belongs to the company, they are still liable on the policy, but if it does not belong to them, as the decree has adjudicated, the policy is extinguished. A plaintiff may pursue any number of concurrent remedies against different individuals, until he obtains satisfaction from some of them. But this rule does not hold touching inconsistent remedies; and remedies are inconsistent when the right to any of them necessarily yields or concedes the right to another. And such is the case here. To found any remedy whatever against the executors for the proceeds of the the policy on the theory of contract, it was requisite to treat the policy as extinguished by reason of the payment made by the company to the executors. As the defendant in error continued to prosecute his bill against the executors after he arrived at majority; and as that voluntary act on his part resulted in the obtainment of a final decree against them before his action against the company on the policy terminated, we think he is

estopped by his election, and that the court below erred in rendering a judgment in his favor.

This is the obvious justice of the matter, since by lapse of time the company would now be barred by the statute of limitations, were it to bring an action against the executors for the recovery of the money as having been paid to them without due authority.*

Judgment reversed.

---

*A decision to the like effect in principle was made by the Court of Appeals of New York on the 23d of April, 1889. Fowler vs. Bowery Savings Bank, 39 Alb. Law J. 468. The opinion by Earl, J., cites numerous authorities more or less in point. Ruger, C. J., dissented.