*Anderson, Cann & Cann,* contra.

---

## 6533. PUETT *v.* EDWARDS.

1. The foreclosure of a mortgage on personal property as the property of the mortgagor is such a disaffirmance of title by the mortgagee as waives the assertion of title, although the mortgage may be only a part of a contract which contains also a reservation of title; since the instrument in question might either be foreclosed as a mortgage or afford the basis of an assertion of title in the payee by trover. *Kennedy* v. *Manry,* 6 *Ga. App.* 816 (66 S. E. 29). However, though the election of one of two inconsistent remedies may be treated as a waiver of any rights under the other, a person who prosecutes an action based upon a remedial right which he supposes he has but in fact does not possess is not thereby precluded from asserting his real rights in a subsequent action.

2. A purchase-money note for an amount exceeding one hundred dollars, which contains a reservation of title to the personalty for the purchase-price of which the note was given, and does not include a mortgage, can not be foreclosed as a mortgage. An attempt to foreclose such a paper, being a nullity (*Berry* v. *Robinson & Overton,* 122 *Ga.* 575, 50 S. E. 378), does not constitute such an election as amounts to a waiver by the payee of the note to assert his title to such personalty by trover. The case at bar is distinguished from that of *Kennedy* v. *Manry,* 6 *Ga. App.* 816 (66 S. E. 29), by the fact that the writing in that case contained a mortgage clause as well as a clause in which title to the personalty was retained, whereas in the present case nothing more appears than that title to the mule in question was retained by the vendor. The trial judge therefore erred in holding that the plaintiff, by electing to foreclose this paper as a mortgage, waived the right to assert his title. If the note in question had contained also a clause mortgaging the mule in question to the payee of the note, the case would have been controlled by the case of *Kennedy* v. *Manry,* supra, and the holding of the trial judge would have been correct.

DECIDED FEBRUARY 17, 1916.

Trover; from city court of Hall county—Judge Wheeler. March 20, 1915.

*C. N. Davis, E. D. Kenyon,* for plaintiff.

*William M. Johnson,* for defendant.

RUSSELL, C. J.   Puett sold a mule and took a note for the purchase-price, retaining title, which was duly recorded on March 13,

1912. Sanders, the purchaser of the mule, was adjudicated a bankrupt in December, 1913, after the maturity of the note. A few days later, on January 3, 1914, Puett undertook to foreclose the note as a mortgage. On January 28, 1914, the referee in bankruptcy granted an order to sell the mule, and on February 3, 1914, the mule was sold by the trustee in bankruptcy as the property of Sanders, the bankrupt, and the purchasers at that sale afterwards sold the mule to Edwards. On January 3, 1914, the mortgage fi. fa., in pursuance of Puett's affidavit of foreclosure, was issued, and a little over a month after the sale by the trustee this fi. fa. was levied upon the mule. On October 27, 1914, the mortgage foreclosure was dismissed and the costs paid, and Puett sued out an action in trover for the mule, then in Edwards's possession. Edwards defended on the ground that Puett, by his foreclosure of his paper, disaffirmed the sale of the property to Sanders and waived whatever right or title to the property he might previously have had, and further pleaded that the plaintiff, by his conduct and his negligence, was estopped from asserting title.

Two questions are presented by the record, the first, whether the foreclosure of the note by Puett as a mortgage amounted to such an election of remedies on his part as that, by choosing to disaffirm his title to the mule, he waived the right thereafter to assert his title; and second, whether the evidence as to the conduct of Puett and his attorney in relation to the sale by the trustee in bankruptcy amounted to an estoppel. It is unnecessary to rule upon the second question, because it is so well settled that questions of laches and fraud are for determination by a jury that the trial judge, no doubt, based his ruling solely upon the first question, without regard to the second. If the note in question, although it contained a retention of title, had contained also a mortgage clause merely creating a lien upon the property described, this would have permitted the foreclosure of the mortgage, Puett would have had an option either to disaffirm his title, by foreclosing the mortgage, or to assert it by trover; and if he had foreclosed the mortgage, the case would have fallen squarely under the ruling of this court in *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (66 S. E. 29). In other words, if the note contained a mortgage clause, as above indicated, and Puett elected to foreclose the paper as a mortgage, he would not be permitted thereafter to assert title and attempt to occupy

an entirely inconsistent position from that first taken. However, we are bound by the record, and the statement as to the contents of the instrument is as follows: "Note was admitted in evidence for $180, principal, due one day after date, signed by V. B. Sanders and F. L. Sanders, retaining title to the above-described mule in J. G. Puett Jr." As is pointed out in *Kennedy* v. *Manry*, supra, "there is a difference between an election of remedies and a mistake of remedies, and . . a person who prosecutes an action or suit based upon a remedial right which he supposes he has, and is defeated because of the error, is not precluded from prosecuting a subsequent action or suit based upon a consistent remedial right." As appears from the brief of the evidence, the paper in question could not be foreclosed as a mortgage, and any attempt to so foreclose it was a nullity; and a mistaken and futile attempt to invoke a remedy which did not exist would not prevent Puett from proceeding with his only real remedy by asserting his title; this without regard to the action in the bankrupt court, for if Puett had title to the mule, this title would not be divested by any adjudication in the proceedings in bankruptcy as to Sanders. "The validity of a conditional-sale contract by which title was reserved in the seller, as against a trustee in bankruptcy of the purchaser, depends upon the law of the State in which delivery of possession thereunder was made." In re Nelson, 27 A. B. R. 272 (191 Fed. 233). The ruling in *James* v. *Avery*, 3 *Ga. App.* 357 (59 S. E. 1118), is not in point, because Puett, as he had the right to do, preferred not to interpose a claim or otherwise intervene in the bankruptcy proceedings, whereas in the *James* case the creditor intervened in the bankrupt court. Based upon the ground that the paper in question in this case, unlike the instrument dealt with in *Manry's* case, did not contain a mortgage clause, there had been in the present instance, in a legal sense, no election between inconsistent remedies on the part of Puett. Consequently the trial judge erred in holding that by foreclosing as a mortgage a mere promissory note with retention of title of the property purchased, Puett had waived the right to assert his title. If there had been a mortgage clause in the note, of course, the disaffirmance of title by Puett, necessarily involved in the foreclosure of a mortgage lien upon the property asserted to belong to the purchaser, would be such an election as would involve a conclusive waiver of

the right thereafter to assert title by trover. As appears from the record, Puett merely mistook his remedy and attempted to assert the right of foreclosure, which did not exist; and the doctrine of election of remedies is inapplicable if a party has in fact only one remedy, as apparently is the case with Puett, who, in the mistaken belief that he had another remedy than trover, attempted to enforce it; for in such a case no choice of remedies was really open to him. Clark v. Heath, 101 Me. 530 (64 Atl. 913, 8 L. R. A. (N. S.) 144); Harrill v. Davis, 94 C. C. A. 47 (168 Fed. 187, 22 L. R. A. (N. S.) 1153, and citations); Kennedy v. Manry, supra.

Judgment reversed.