11510.  FIRST NATIONAL BANK OF OCILLA *v.* HARRIS,
administrator.

Under the facts of this case the bank was liable to the depositor for the amount of her deposit, which it paid to its cashier upon his forged indorsement of the name of the payee on a check delivered to the cashier by the depositor's agent in exchange for a promissory note to which the cashier had forged the name of the payee of the check·as maker and signed his own name individually, the cashier falsely representing to the depositor's agent, who had requested him to procure a borrower of her money, that the person whose name was thus forged had agreed to take the proposed loan. The facts relied upon by the defendant as showing negligence on the part of the depositor constituted no defense. The court did not err in directing a verdict against the bank.

DECIDED OCTOBER 5, 1920.

Complaint; from Irwin superior court — Judge Eve. March 31, 1920.

Application for certiorari was denied by the Supreme Court.

From the evidence it appeared that in January, 1914, W. M. Harris, as agent for his wife, went to the First National Bank of Ocilla, in which she had a deposit of $1,000, and asked E. A. Tapp, the cashier of the bank, if he knew of a good man to whom he (Harris) could make a loan of $1,000. Tapp promised to "look out" and let him know, and later called him into the bank and said that J. E. Howell, Tapp's uncle, would take the money. Harris then told Tapp that if Howell would make out a note and

leave it at the bank, he would leave a check for the money. In the course of a few days Harris returned to the bank and received from Tapp a note for $1,000, payable to Mrs. Harris, purporting to have been signed by Howell and signed also by Tapp, and gave to Tapp in exchange for it a check upon the bank for that amount, in the name of Mrs. Harris, payable to Howell. Howell's name on the note had been forged by Tapp, and Howell knew nothing of the transaction. Tapp forged the name of Howell on the back of the check, indorsed his own name on it, and collected the money on it from the bank; it was charged to Mrs. Harris on the books of the bank, and the check was in due course returned to her by the bank, with a statement of her account, showing its payment.

On maturity of the note, one year after its date, it was extended and the interest to maturity ($100) was paid, but Howell knew nothing of this. Tapp left the bank in September, 1915, and absconded in the following November; and it was not until after the absconding that Harris learned of the forgeries or had any communication with Howell in regard to the note. Howell was vice-president of the bank, and it was testified that a man of his means and financial standing could readily have borrowed money in the community in which the bank was situated and in which he and Harris resided, without paying the excessive rate of interest, of 10 per cent. per annum, which Tapp had inserted in the note. Harris testified that he did not tell Tapp that the rate of interest must be 10 per cent., and that this rate was in the note when he received it. Fruitless efforts to recover the money were made by Mrs. Harris in attachment and bankruptcy proceedings against Tapp shortly after he absconded, and on March 28, 1916, she demanded the money from the bank, her check of that date for $1,000, payable to " Cash," being then presented for payment. The demand was refused and this suit was brought against the bank for that amount and interest from the date of the demand. The court, at the conclusion of the evidence on the trial, directed a verdict for the plaintiff, the defendant made a motion for a new trial, on the ground that the directing of the verdict was error for various reasons stated; the motion was overruled, and the movant excepted. The bank's main conten-

tions are stated in the following points from the brief of its counsel :

1. National banks are not authorized to lend money for depositors or others, and Tapp acted as agent for Mrs. Harris, and not for the bank, and the bank can not be made liable for his acts as such. 63 Ark. 418 (39 S. W. 60) ; 10 *Ga. App.* 270.

2. The conduct of Mrs Harris in procuring Tapp to act for her made a case of dual agency, not known to the bank, and the effect was to make him exclusively her agent. 3 *Ga. App.* 589; 118 *Ga.* 876; 113 *Ga.* 955; 104 *Ga.* 772.

3. The plaintiff was grossly negligent : (*a*) in dealing entirely with Tapp and in employing him in an inconsistent position; (*b-d*) in not communicating with Howell and making inquiry as to the genuineness of the note. The excessive rate of interest and other circumstances shown by the evidence were sufficient to put the plaintiff on inquiry; their sufficiency was a question of fact for the jury. 10 *Ga. App.* 356; 20 *Ga. App.* 682 (2) ; 22 *Ga. App.* 519 (1). (*e*) Tapp's interest in the transaction by reason of having signed the note as joint maker was sufficient to put the plaintiff on inquiry; and she was further put on notice by the fact that the paid check returned by the bank showed indorsements in the names of Howell and Tapp in the same handwriting. 63 L.R.A. 952.

4. After the forgery became known to the plaintiff her negligence was so gross as to relieve the bank of liability: (*a*) She treated the indebtedness as that alone of her agent Tapp and proceeded against him first by attachment and then by bankruptcy proceedings; (*b*) she gave no notice to the bank as to the forged indorsement, unless the presentation of a check about four and a half months after discovering the forgery amounted to such notice. 221 Pa. 588 (70 Atl. 891, 20 L. R. A. (N. S.) 79) ; 45 Fed. 163; 39 Pa. Superior Ct. 438; 245 Pa. 97 (91 Atl. 210) ; 248 Pa. 135 (93 Atl. 875) ; 252 Pa. 304 (97 Atl. 399, 14 Neg. & C. Cas. Anno. 812) ; 117 U. S. 96; 40 L. R. A. (N..S.) 657. Tapp's knowledge was not notice to the bank : 7 Corpus Juris, 551, 560; 88 *Ga.* 797; 92 *Ga.* 735; 75 *Ga.* 149 (1) ; 16 *Ga. App.* 802, 812-3; 22 *Ga. App.* 397; 116 *Ga.* 820 (3) ; 112 *Ga.* 823; 122 *Ga.* 362; 240 Fed. 111; 111 U. S. 156; 100 Fed. 709.

While the exact question has never been passed upon in this

State, its courts have recognized that there may be such negligence as would relieve a bank from liability for payment on a forged indorsement : ˙114 *Ga.* 683 (2) ; 17 *Ga. App.* 572. Other decisions as to negligence on the part of the depositor are : 24 La. Ann. 220 (13 Am. R. 124) ; 34 L. R. A. (N. S.) 1100; 55 Wis. 364, 13 N. W. 235, 42 Am. R. 719; 50 L. R. A. 76; 64 Ill. App. 229; 35 Kan. 360 (11 Pac. 141, 57 Am. St. R. 171, 3 R. C. L., sec. 174) ; 191 Mass. 159 (114 Am. St. R. 595) ; 51 Md. 562 (34 Am. R. 325) ; cases in notes in 20 L. R. A. (N. S.) 79, and in 14 Neg. & C. Cas. Anno. 812. Questions as to negligence are for the jury: 130 *Ga.* 83, 86, and cit. In the plea of the bank and in the exceptions to the direction of a verdict it was contended that, the bank being an innocent party, and the plaintiff having put it in the power of Tapp to do wrong, the equitable rule, that where one of two innocent persons must suffer, he who made the act possible should suffer the loss, was applicable. It was further contended that in view of the payment of $100 on the note, the plaintiff was not entitled to recover the full amount of $1,000.

In the brief for the defendant in error the citations were: 81 *Ga.* 597, 600; 22 L. R. A. (N. S.) 251 (6), 253; 100 Mass. 376 (97 Am. Dec. 105) ; 171 Mass. 516 (41 L. R. A. 617, 68 Am. St. R. 446, 51 N. E. 9) ; L. R., 1 C. P. Div. 678-687; 5 H. L. Cas. 389; 5 Am. & Eng. Ann. Cas. 771; 1 K. B. (1908) 13; 16 Q. B. 560; 126 N. Y. 318 (12 L. R. A. 791, 22 Am. St. R. 821, 27 N. E. 371) ; 94 Va. 265 (26 S. E. 826; 73 N. Y. 424 (29 Am. R. 175) ; 46 Ohio St. 512 (6 L. R. A. 625, 15 Am. St. R. 655, 22 N. E. 866) ; 76 Am. St. R. 244 (44 Atl. 715) ; 101 Iowa, 530 (63 Am. St. R. 399; 70 N. W. 769; 92 Cal. 14 (14 L. R. A. 320, 27 Am. St. R. 82, 27 Pac. 1100; 102 *Ga.* 202 (3) ; 114 Am. St. R. 595, s. c. 77 N. E. 693; 12 L. R. A. 791 (1) ; 61 Am. D. 731; 91 N. Y. 74; 65 Ill. 69; 84 N. Y. 209.

*Eldridge Cutts, Rogers & Rogers,* for plaintiff in error.

*Quincey & Rice,* contra.

BLOODWORTH, J. The court did not err in directing a verdict for the plaintiff nor in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J. concur.*