UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* RICHMOND
COUNTY *et al.*

MULLARKY *et al. v.* RICHMOND COUNTY *et al.*

ATKINSON, J.   1. "When any official bond is executed by any county treas-
urer, or any person acting as such, the property of said treasurer, or any
person so acting, as well as the security or securities on said bond, shall
be bound from the time of the execution thereof, for the payment of any
and all liability arising from the breach of said bond." Civil Code, §
572.  Applying this law and giving due effect to the language "the prop-
erty . . shall be bound" with its context, it means that the execu-
tion of such official bond shall create a lien upon the property of the
principal, and the property of his sureties, for the payment of all lia-
bility that shall arise from breach of the bond.

2. In the instant case, failure of the treasurer Lamback to restore to the
county the funds embezzled by his clerk during the period of his bond
was a breach of that bond; and the statutory lien of the county, dating
from the date of the bond, was enforceable against the· property of Lam-
back and the property of the individual sureties on his bond, for the
amount of the loss with statutory interest and attorney's fees.   There
was no such lien against the property of Clarke, arising under the of-
ficial bond of Lamback as treasurer, to which Clarke was not a party.

3. The embezzlements of Clarke as treasurer (successor to Lamback) dur-
ing the periods of Clarke's several official bonds were breaches of those
bonds, for which the statutory liens in favor of the county were en-
forceable against all property of Clarke, and all property of his surety
at the dates of the several bonds, and all subsequently acquired property.

4. Where executions were duly issued against Clarke as treasurer, and the
United States Fidelity and Guaranty Company as surety on his several
official bonds, for the amounts embezzled by Clarke during the periods
covered by the respective bonds and for the statutory interest and at-
torney's fees, and thereafter the surety paid to the county the amounts
for which the executions were issued and received written transfers of
the executions by the county, the said surety succeeded to all of the
rights of the county under such executions, and was entitled to enforce
the executions against all of the property of Clarke as referred to in
the preceding division.

(a) The lien of the executions against Clarke as treasurer and the surety
on his first and second official bonds is to be preferred to the interest
of Mrs. Martha J. Mullarky and Joseph A. Mullarky under their se-
curity deed acquired subsequently to the execution and recording of those
bonds; but the lien of the executions based on the third official bond of
Clarke as treasurer is inferior to the Mullarky security deed executed
and recorded prior to that bond.

(b) The rights of Mrs. Martha J. Mullarky and Joseph A. Mullarky under
their security deed in the property described in that deed are superior
to the claims of the county, based on the bond of Lamback and his in-
dividual sureties, in so far as relates to the property embraced in that
security deed.   .

**600**

(c) Mrs. Martha J. Mullarky and Joseph A. Mullarky will lose however, because the prior liens of the county under the first and second bonds of Clarke exceed and will consume the entire property of Clarke. ·

5. Ordinarily the county might trace the embezzled funds into the property in which Clarke invested them, and obtain an equitable status as against Clarke and third persons who do not occupy the position of purchasers for value without notice. Civil Code, § 3785.

6. If Clarke and his wife, in whose name title was held to some of the property purchased by Clarke with the stolen funds, conveyed the property now represented by the fund in court to the personal sureties on Lamback's bond, to save them harmless on account of Clarke's embezzlements; and after such conveyance, if, with actual notice thereof and of the fact that the property was purchased with funds stolen from the county, the Board of Commissioners of Roads and Revenues of the county caused the execution against the estate of Lamback and the personal sureties on his bond to be levied upon the property "as the property of the" sureties, and if in the present suit the said Board of Commissioners seek relief on the strength of that deed, these facts will constitute an election to affirm the legal title of Clarke and prevent the county in this action from asserting a right to trace the stolen funds into that property. Civil Code, § 3785; *Town of Douglasville* v. *Mobley*, 169 *Ga.* 53 (3) (149 S. E. 575); *McGarity* v. *Simpson*, 148 *Ga.* 146 (2) (95 S. E. 968). In these circumstances the case is to be decided without reference to the equitable doctrine of tracing funds.

7. The property conveyed to the personal sureties of Lamback being, at the time of the conveyance, impressed with the lien of the county under the bonds of Clarke as treasurer, but not impressed with a lien under the bond of Lamback, the conveyance did not put them in position to invoke application of the property to losses covered by the Lamback bond, for which they were liable but had not paid, in preference to the losses that were secured by the liens under Clarke's bond.

8. On the trial of the case on the agreed statement of facts, the judge erred in ordering payment of all the funds in court on the execution based on the bond of Lamback and his personal sureties and to the costs of the suit. This requires a reversal of the judgment on the bill of exceptions brought by the United States Fidelity and Guaranty Company, and an affirmance of the judgment on the bill of exceptions brought by Mrs. Martha J. Mullarky and Joseph A. Mullarky.

*Judgment reversed in Case No. 8275, and affirmed in Case No. 8280. All the Justices concur, except Gilbert, J., absent because of illness, and Hines, J., who dissents from the affirmance in No. 8280.* .

Nos. 8275, 8280. March 5, 1932.

*W. K. Miller* and *J. S. Bussey Jr.,* for the surety company.

*D. G. Fogarty,* for Mullarky et al.

*Pierce Brothers, Bryson Crane, Stephens & Harrison, W. Inman Curry, Hamilton Phinizy,* and *S. F. Garlington,* contra.