### 22510.   LAND *v.* HALL.

JENKINS, P. J. The plaintiff, a cropper, foreclosed a general and special laborer's lien, claiming a special lien upon the crop of tobacco raised by her on the land of the defendant. The lien was levied upon certain live stock. The defendant filed a plea in abatement, setting forth that prior to the foreclosure of the lien the plaintiff had brought a suit in trover against the defendant, claiming title to one half of the tobacco grown by her on the lands of the defendant, which the plea in abatement avers in-

cluded the tobacco on which it was sought to foreclose the special laborer's lien. It was alleged by the plea in abatement that the previous trover suit had resulted in a judgment of nonsuit, which was entered prior to the foreclosure of the laborer's lien; that the plaintiff, having elected by the trover suit to assert title to the particular property, was thereby estopped to pursue the inconsistent remedy of seeking to enforce a lien against it as the property of the defendant. On motion of the defendant the plea in abatement was stricken as insufficient. To this judgment exceptions pendente lite were taken. On the trial the plaintiff testified that at the time the former trover suit was instituted she thought that the crop had already been divided. The jury found in favor of the plaintiff, and the defendant excepts to the overruling of his motion for a new trial, and assigns error on the exceptions pendente lite. *Held:*

1. Where one with actual knowledge or notice of the substantial facts is in a situation in which he may elect between two inconsistent positions or proceedings, the choice of his position or proceeding must be made before bringing suit. He can not bring either action without selecting and determining to accept and occupy a position consistent with that action or position and inconsistent with the other. The choice of one of such alternative positions or proceedings operates at once as a final and absolute bar to the other. *Board of Education* v. *Day*, 128 *Ga.* 156, 163, 166 (57 S. E. 359); *Hardeman* v. *Ellis*, 162 *Ga.* 664, 685 (135 S. E. 195); *Wright* v. *Zeigler*, 70 *Ga.* 501 (5, *a*); *Bacon* v. *Moody*, 117 *Ga.* 207, 210 (43 S. E. 482); *Kennedy* v. *Manry*, 6 *Ga. App.* 816, 820 (66 S. E. 29).

2. There is a patent inconsistency between different legal remedial rights, where one is based upon a claim of title to property in the plaintiff, and the other is based upon an affirmance of title in the defendant. *Board of Education* v. *Day*, supra.

3. While it is the rule that an election as between inconsistent remedies can be charged against a plaintiff only in a case where there is actual knowledge or implied notice of the substantial facts, and that the prosecution of an action based upon a misconception of material facts, of which he was not charged with implied notice, does not constitute an election such as would preclude a plaintiff from thereafter prosecuting an action based upon the inconsistent remedial right (*Owens* v. *Parker*, 8 *Ga. App.* 221, 68 S. E. 1009; *Puett* v. *Edwards*, 17 *Ga. App.* 645, 88 S. E. 36; *Bacon* v. *Hanesley*, 19 *Ga. App.* 69, 90 S. E. 1033; 20 C. J. 21, § 17[b]), still in the instant case, there being in the plea in abatement no admission that the previous trover suit was instituted by the plaintiff in ignorance of the essential facts involved, and in the absence of any such admission it being presumed that the plaintiff was cognizant of the facts pertaining to her case, the plea in abatement set forth a previous election by the plaintiff to pursue a remedy inconsistent with that pursued in the instant case, such as to preclude her from seeking to assert the lien sought to be foreclosed. Whether in point of fact such former election would bar the present action would depend upon a determination of whether or not the previous action was instituted by the plaintiff with actual knowledge or notice of the substantial facts.

4. Under the foregoing rulings, the court erred in striking the defendant's plea in abatement; and since this ruling entered into and affected all subsequent proceedings, they were thereby rendered nugatory. *Hammontree* v. *Southern Ry. Co.*, 45 *Ga. App.* 728 (165 S. E. 913).

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 7, 1933. ADHERED TO ON REHEARING, FEBRUARY 18, 1933.

*J. B. Moore,* for plaintiff in error. *H. J. Lawrence,* contra.

ON REHEARING.

JENKINS, P. J. A motion for rehearing was granted in this case, for the reason that the ruling contained in the first division of the decision as it was originally expressed was based upon *Board of Education* v. *Day,* 128 *Ga.* 156 (supra). As was shown in the motion for rehearing, Mr. Justice Lumpkin made the statement that, strictly speaking, the doctrine of inconsistent remedies was not involved in that case, but that he dealt with the subject in that case because it was so nearly in point. He seems, however, to have actually applied the doctrine elaborated in the case decided. It was on the contention made by the motion that what was said in the *Day* case with reference to the election of remedies was merely obiter, that we desired to reconsider the doctrine as there enunciated and elaborated. It is true, as pointed out by the movant, that the courts have many times said in effect that it is a principle of law that, when a party assumes a certain position in a legal proceeding and succeeds in maintaining that position through a judgment of the court or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume as to the same subject-matter and against the same adversary a contrary position. See *Ray* v. *Cruce,* 21 *Ga. App.* 539, 541 (94 S. E. 899). As to the correctness of such a proposition, there can be no question. The question involved in the instant case, however, is as to whether an election was made upon the institution of an action which was not pursued to judgment, but which was nonsuited, with the result that the question involved in the former action was not thereby finally adjudicated, since the plaintiff, if she saw proper, might have renewed the same original action.

It is still our opinion that, under the Georgia authorities, it is not necessary, in order for an election of inconsistent remedies to be had, that the plaintiff shall succeed in maintaining his position

through a judgment, or that the opposite party be prejudiced by the maintenance of the original action. The *Day* case has been cited approvingly fourteen times by the appellate courts of this State. The Supreme Court in *Hardeman* v. *Ellis*, 162 *Ga.* 664, 685 (supra) laid down the rule just as emphatically as did the decision in the *Day* case. In some few foreign jurisdictions a contrary rule is adopted. In this State, not only is it true, as has been often said, that, if a party with knowledge of the facts maintains his position until a judgment, or by his action prejudices the opposite party, he can not thereafter assert a contrary position; but it is also true that he can not thus institute an action without making such an election as will prevent him from thereafter assuming a contrary and inconsistent position. This rule is not only set forth and elaborated in the *Day* case, but is plainly laid down as the rule in the additional cases cited in the present division of the syllabus.

Movant, in his motion for rehearing, reiterates his contention that the plea in abatement was defective in that it did not specifically allege that the plaintiff had actual knowledge or notice of the substantial facts at the time she instituted her first proceeding. This point was dealt with in the original decision, where it was said that it would be presumed that the plaintiff in the former action was cognizant of the facts pertaining to her case. Of course, as stated in the original decision, if the plea in abatement had contained any sort of statement indicating to the contrary, that is that the plaintiff in the former action was in ignorance of the essential facts involved, the ruling would be different. The rule here stated is sustained by authority. 20 C. J. 37, states it as follows: "Where a party sets up the defense of election of remedies, he makes a prima facie case by introducing the record of a former suit based upon an inconsistent theory, and in such case the burden is placed upon plaintiff to show that the election was made in ignorance of the facts concerning his right to adopt another remedy."

*Judgment adhered to. Stephens and Sutton, JJ., concur.*