UNITED STATES FIDELITY AND GUARANTY COMPANY
*v.* CLARKE *et al.*

No. 11052. JULY 10, 1936.
ADHERED TO ON REHEARING, JULY 24, 1936.

*William K. Miller* and *Bussey & Fulcher*, for plaintiff.

*Pierce Brothers, Curry & Curry*, and *Isaac S. Peebles Jr.*, for defendants.

ATKINSON, Justice. This case was formerly before this court on writ of error to a judgment rendered in the superior court on an agreed statement of facts, and the judgment was reversed. *United States Fidelity & Guaranty Co.* v. *Richmond County*, 174 *Ga.* 599 (163 S. E. 482). After return of the remittitur, it was competent for the defendant to amend his answer to meet the views expressed in the reviewing court, as materially affecting his case, before the judgment of the Supreme Court was made the judgment of the trial court. The amendment alleged substantially that all the property in question was purchased with money stolen by Clarke from the county, and consequently the property was equitably the property of the county, though the legal title thereto had been conveyed to the personal sureties on the official bond of Lamback, treasurer; that the county did not cause the execution issued against Lamback, treasurer, and his sureties to be levied on the property of the grantees in said conveyance; that the levy was made at the direction of the attorney for the said sureties on Lamback's bond, and was dismissed by order of the court, without prejudice; that the county did not have actual notice that the

property in question had been bought by Clarke with money stolen from the county at the time the property was levied on at the direction of the attorney for the sureties on Lamback's bond, and not until the 20th of December, being the time at which it entered into the agreed statement of facts on which the former judgment was rendered.  *Held:*

1.  The amendment, considered in connection with the allegations of the original answer filed by the county, seeks priority of claim to the fund in question, on the equitable doctrine of tracing misappropriated funds into property purchased by Clarke, the wrong-doer, with such funds.

(*a*)  But where, after investment of such stolen funds in property, the property was conveyed by the joint deed of Clarke and his wife to the personal sureties on the official bond of Lamback, treasurer, and these facts subsequently came to the knowledge of the county authorities pending the action, at the time they entered into the agreed statement of facts, they were put to an election whether to affirm the conveyance by Clarke to the personal sureties and sustain their alleged priority on the strength of the lien of the execution issued against Lamback, treasurer, and the sureties on his bond, or whether they should seek priority on the equitable doctrine of tracing misappropriated funds.  In these circumstances the continued assertion of lien on the property as property of said sureties, after the knowledge so acquired, was an election to affirm the legal title conveyed by Clarke and his wife to the personal sureties.  Such action was inconsistent with the right to proceed under the equitable doctrine of tracing misappropriated funds.  The two rights do not coexist, and the election to exercise the first prevents the exercise of the latter.  See generally, on the subject.  *Board of Education of Glynn County* v. *Day,* 128 *Ga.* 156 (57 S. E. 359) ; 2 Perry on Trusts (7th ed.), 1414 § 828; Oliver *v.* Piatt, 3 How. 332 (11 L. ed. 622) ; Rowley *v.* Towsley, 53 Mich. 329 (19 N. W. 20) ; Foley *v.* Leva, 101 Ala. 395 (13 So. 747) ; Carter *v.* Gibson, 61 Neb. 207 (85 N. W. 45, 52 L. R. A. 468) ; Shearer *v.* Barnes, 118 Minn. 179 (136 N. W. 861) ; Tyler County Bank *v.* Shivers (Tex. App.), 6 S. W. (2d) 108.

(*b*)  On the facts of this case, where the county, though a party defendant, is suing for affirmative relief, the foregoing ruling, in so far as affects such relief, is not opposed to the principle that a defendant may set up conflicting defenses.

2. Construing the amendment and the original answer of the county most strongly against the pleader, the pleadings allege substantially that Clarke purchased the Highland Avenue property in the name of his wife and paid for it with funds stolen by Clarke from the county, and thereafter the property with other property standing in the name of Clarke was conveyed by joint deed of Clarke and his wife to the personal sureties on the Lamback bond, without other consideration than to secure them against loss on account of Clarke's embezzlements while acting as clerk for Lamback, county treasurer.

(a) The fact that legal title to the Highland Avenue property was not taken in the name of Clarke, but stood in the name of Clarke's wife at the time of making the joint deed to Lamback's personal sureties, did not militate against equitable title in Clarke, or render such equitable title unaffected by the outstanding transferred lien of Clarke's official bond.

(b) The election of the county to proceed for affirmative relief on the basis that the joint deed of Clarke and his wife to the personal sureties on the Lamback bond placed title in such securities, and rendered the property subject to the lien of that bond, was applicable to all property conveyed by the joint deed, including the Highland Avenue property, and, under the principle stated above, prevents the county, as against its transferee of the Clarke official bond, from now asserting a right to trace the stolen funds into the Highland Avenue property. The court erred in allowing the amendment over appropriate objection; and this error rendered all further proceedings nugatory.

*Judgment reversed. All the Justices concur.*