26416. CURRY *v.* WASHINGTON NATIONAL INSURANCE COMPANY.

DECIDED NOVEMBER 26, 1937. REHEARING DENIED DECEMBER 17, 1937.

*Joseph B. McGinty,* for plaintiff. *J. T. Sisk,* for defendant.

GUERRY, J. 1. Since the very definition of a contract of insurance imports the assumption of a risk by the insurer and a payment of a consideration therefor on the part of the insured, if, because of the invalidity thereof, there has been no assumption of risk by the insurer under the contract, the premiums paid should ordinarily be returned to the insured. See *Reserve Loan Life Insurance Co.* v. *Davis,* 23 *Ga. App.* 571 (99 S. E. 42). It is the general rule that where a contract of insurance is void ab initio because of material misrepresentations made by the insured in the application attached to and made a part of the policy, and the insurer successfully defeats a recovery on the policy by reason of such material misrepresentations, the insured is entitled to a return of the premiums paid thereunder, unless the insured was guilty of actual fraud; that is, that in making the misrepresentations there was a wilful purpose to deceive on the part of the insured. *Columbian National Life Insurance Co.* v. *Mulkey,* 146 *Ga.* 267 (91 S. E. 106); *Harris* v. *Bankers Heallh & Life Insurance Co.,* 40 *Ga. App.* 679 (150 S. E. 860); Seaback *v.* Metropolitan Life Insurance Co., 274 Ill. 516 (113 N. E. 862); Bosse *v.* Knights &c. of Security, 204 Mo. App. 18 (220 S. W. 993). While, in a suit to enforce the terms of the policy, where an agent of the insurer, after being informed by the insured that she suffered from a goiter and high blood pressure and for that reason she did not believe that she was an insurable risk, nevertheless assured her that she was insurable and that his company would issue her a policy of health and accident insurance, and thereupon filled out the application for the insured, who was illiterate and could neither read nor write, and signed her name thereto, in which application such agent made material false representations concerning the insured's physical condition, and upon which application the policy was issued to her, the insured having made no effort to have the application read to her, and would be held to have had knowledge of the statements made in the application (*Curry* v. *Washington National Insurance Co.,* 54 *Ga. App.* 590, 188 S. E. 741; *Wilkins* v. *National Life & Accident Insurance Co.,* 23 *Ga. App.* 191, 97 S. E. 879; *National Accident & Health Insurance Co.* v. *Davis,* 50 *Ga. App.* 391, 178 S. E. 320), and since the policy and application contained provisions to the effect that the insurer "is not bound by any statement or by the knowledge of any statement made to or by any agent of

the company unless written hereon," there could be no recovery thereunder, yet in such a case, the insured is not guilty of such fraud as would prevent a recovery of the premiums paid thereon. In a somewhat similar situation the Supreme Court of the United States said: "If the policy is void because of misrepresentations of material facts, in that the agent fraudulently inserted in the application false answers, when the answers made by the insured were truthful, and both insurer and insured have acted bona fide, and have been deceived thereby, the policy should be canceled and the premiums returned." New York Life Insurance Co. v. Fletcher, 117 U. S. 519 (6 Sup. Ct. 837, 29 L. ed. 934). See also Clark v. Manufacturers Ins. Co., 8 How. (U. S.) 235 (12 L. ed. 1061); Scott v. Niagara Ins. Co., 25 U. C. Q. B. 119; 32 C. J. 1237, § 411; 14 R. C. L. 959, § 132 and cit.

2. "An election of remedies is defined as the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts." 9 R. C. L. 956; *Hand* v. *Brown,* 144 *Ga.* 272, 274 (86 S. E. 1080), and cit. The basis of the doctrine of election of remedies is an estoppel, to wit, that a party can not, in the assertion or prosecution of his rights, occupy inconsistent positions. There must therefore actually exist two inconsistent remedies. If a suit be prosecuted on an alleged cause of action which in fact did not exist, there can not be, as to such, an election of remedies. *Louisville &c. R. Co.* v. *Pferdmenges,* 8 *Ga. App.* 81, 83 (68 S. E. 617); *Puett* v. *Edwards,* 17 *Ga. App.* 645 (88 S. E. 36); *Sparks* v. *Fort,* 29 *Ga. App.* 531, 537 (116 S. E. 227); *Rowland Co.* v. *Kell Co.,* 27 *Ga. App.* 107 (107 S. E. 602); *Hawthorne* v. *Pope,* 51 *Ga. App.* 498, 500 (180 S. E. 920). Thus, where an insured prosecutes a suit against the insurer for the recovery of disability benefits provided for therein, and the insurer successfully defends the suit on the ground that the policy is void because of material misrepresentations made by the insured in the application therefor attached to and made a part of the policy, there never in fact existed in the insured any right of action on the policy, and therefore there was no election as between two existing inconsistent remedies, such as would prevent the institution of another suit for a recovery of the premiums paid thereunder, if there had been no actual fraud on the part of the insured as pointed out above. However, by bringing an action on

the policy for a recovery of disability benefits provided for therein, the insured waived any alleged fraud practiced on her by the agent of the insurer in writing the insurance, and thereby elected to waive any remedy, if any she had, against the insurer therefor; and she could not thereafter prosecute a suit against the insurer for alleged damages on account of such fraud.

3. Under the above rulings the court erred in sustaining the general demurrer to the petition in so far as it sought a recovery of the premiums paid under the policy, but was correct in sustaining the demurrer to that part of the petition seeking recovery of certain alleged damages because of the fraud of the agent of the insurer alleged.to have been perpetrated upon the insured in writing the contract.

*Judgment affirmed in part and reversed in part. Broyles, C. J., and MacIntyre, J., concur.*