BEARD *et al. v.* BEARD, administrator, *et al.*

No. 14715.   MARCH 7, 1944.   REHEARING DENIED MARCH 20, 1944.

490

*Shackelford & Shackelford,* for plaintiffs in error.

*A. S. Skelton* and *J. T. Murray,* contra.

GRICE, Justice.   This case involves the doctrine of election of remedies.   An election of remedies has been defined as the choos-

ing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts. . See the authorities cited in 18 Am. Jur. 129, § 3. In the same text may be found this statement: "The doctrine is applicable where an aggrieved party has two remedies by which he may enforce inconsistent rights growing out of the same transaction and, being cognizant of his legal rights and of such facts as will enable him to make an intelligent choice, brings his action by one of the methods. Under such circumstances, the law says he shall not thereafter adopt the alternate remedy, for a suitor can not pursue a remedy inconsistent with such prior proceeding."

In order for the rule to be applicable, the remedies must be inconsistent. Our Code gives a plaintiff the right to pursue any number of consistent remedies even though they be concurrent, and even against different persons, until he obtains satisfaction from some of them. Code, § 3-114. "There is no inconsistency between different legal remedial rights, all of which are based upon a claim of title to property in the plaintiff, or all of which are based upon the affirmance of title in the defendant. But actions which proceed upon the theory that the title to property remains in the plaintiff are inconsistent with those which proceed upon the theory that title has passed to the defendant." *Board of Education* v. *Day,* 128 *Ga.* 156, 164 (57 S. E. 359). The instant suit being one to declare void and have canceled certain deeds from the intestate to the defendants, and the proceeding in the court of ordinary, to which all were made parties, being one where these plaintiffs sought to affirm the validity of these deeds and to make the grantees therein chargeable with the value of the conveyed property, and insisted that the conveyances should be treated as advancements, the two positions are directly opposite, and the remedies inconsistent.

The caveat filed by these plaintiffs in the court of ordinary was finally dismissed for want of prosecution, without a hearing on the merits. This court has more than once ruled that there need be no adjudication of the plaintiff's rights in the prior proceeding in order to make available the defense of election of remedies. If he chooses the position he will occupy, and appeals to the courts on one theory, that is an election of such remedy, and he can not thereafter maintain a suit to enforce the alternative remedy. *Board of Edu-*

492

*calion* v. *Day,* 128 *Ga.* 167 (supra), and authorities there cited; *McClellan* v. *McClellan,* 135 *Ga.* 95 (68 S. E. 1025) ; *Warner* v. *Hill,* 153 *Ga.* 510, 513 (112 S. E. 478) ; *Chapple* v. *Hight,* 161 *Ga.* 629 (131 S. E. 505). See also *Hardeman* v. *Ellis,* 162 *Ga.* 664 (135 S. E. 195) ; *Johnson* v. *Epting,* 185 *Ga.* 667 (196 S. E. 413).

Since the prayer for a receiver was expressly abandoned, the only relief finally sought in the instant case was to have set aside and canceled the deeds to the defendants, there exhibited. The special plea averred, and the proof sustained the averments, that the administrator had filed in the court of ordinary an application to sell, for the purpose of paying debts, certain lands of the intestate other than those described in the deeds; and that in an amended caveat filed thereto, all the heirs at law being made parties, the present plaintiffs had taken the position in their caveat: (a) that the intestate left no debts; (b) that the personal estate was sufficient to pay funeral expenses; (c) that the intestate in his lifetime made to four of his children deeds to certain lands, reference being made to the deeds sought to be canceled in the present suit; (d) that it was the intention of the said S. E. Beard for his children mentioned in paragraph 4 of the amended caveat to have no interest in his lands other than that given to each of them, and that the value of the land each of them got far exceeded the distributive share he or she would have gotten had the said S. E. Beard not made provision for them by deeds before his death; (e) that the real estate owned by him at the time of his death should be divided into four equal shares according to value and divided in kind among the caveators, and to this end the court should deny the application of John Beard as administrator to sell, and should appoint in terms of the law, three or more freeholders in said county to make the division, and require the four children mentioned in said paragraph 4 of the amended caveat to account for the land already given them as advancements, and decree that they were not to receive anything further until the caveators should be made equal with them; and (f) that the jurisdiction and power of the court of ordinary is as broad as that of a court of equity in the settlement of an estate, and that the court should make those children mentioned in paragraph 4 parties, so that an equitable and fair distribution of the estate could be had.

In *Rogers* v. *Dickey,* 117 *Ga.* 819 (45 S. E. 71), this court ruled: "If it be to the interest of minors that property belonging to their father's estate should be distributed in kind ·instead of being sold, the guardian should file a caveat when the administrator applies for leave to sell for the purpose of paying debts and making distribution." In the opinion in that case it was said: "The Civil Code, § 3479, provides how an administrator may divide in kind; and when he applied for leave to sell for the purpose of paying debts and making a distribution, the guardian should then have interposed a caveat, if it was to the interest of his wards that there should be no sale." See also *Kaiser* v. *Kaiser,* 178 *Ga.* 355 (173 S. E. 688) ; Code, §§ 113-1013, 113-1016, 113-1019.

Upon application of the principles stated in the foregoing authorities, it must be held that this case was correctly disposed of by the trial judge. The assignments of error are without merit.

*Judgment affirmed. All the Justices concur.*