30897. SOUTHERN FEDERAL SAVINGS & LOAN ASSO-CIATION v. FIREMEN'S BENEVOLENT ASSOCIATION.

DECIDED JUNE 21, 1945. REHEARING DENIED JULY 12, 1945.

*Jones, Williams & Dorsey, Moise, Post & Gardner,* for plaintiff in error.

*Smith, Kilpatrick, Clay & Cody,* contra.

FELTON, J. ■ Under the allegations of Southern Federal's answer and the evidence, which is undisputed, the Association is estopped to bring the present action because it had previously instituted an action against Dodd which is wholly inconsistent with

the present one. When the unauthorized loans were made the Association was not bound by them. The loans were not legally made to it. Southern Federal therefore had no authority to charge the loans against the deposit and give an illegal check for the difference, and the Association was at liberty to stand on its contract with Southern Federal and demand the deposit in full. However, the Association did not pursue this course. It instituted a suit against Dodd in which it claimed that Dodd had misappropriated *its* money. The only basis on which such an action could have been predicated was on the theory that the Association ratified the making of the loans and the charging of the loans against the deposit and the giving of the check for the balance of the deposit, thereby treating the money misappropriated as its own. This action was inconsistent with a repudiation of the loans, the charging of the loans against the deposit, and the giving of the check to Dodd for the balance of the deposit. The Association could have refused to ratify all these acts and could have said to Southern Federal: "We deposited $5000 with you. You have without authority charged illegal loans against it and have given Dodd an illegal check for a part of it. We do not affirm such action and demand that you pay back to us the deposit as you agreed to do." Without ratifying the actions of Southern Federal and Dodd the Association would have had no case against Dodd because Dodd's only liability would have been to Southern Federal, and it would have been idle for the Association to bring an action to try to collect from Dodd on a claim held by Southern Federal alone. In bringing suit against Dodd the Association made an irrevocable election to ratify the unauthorized acts and to contend that when Dodd borrowed the money and accepted the last check he held the Association's money and thereafter misappropriated it, rather than that Dodd misappropriated the money of Southern Federal, which would have been the case in the absence of the Association's election to treat the money as its own. When one purports to act as the agent of another, even by forgery, the principal for whom he purports to act may ratify the act. *Groover* v. *Savannah Bank & Trust Co.*, 60 *Ga. App.* 357 (3 S. E. 2d, 745). The courts of this state are virtually unanimous in holding that the election of such an inconsistent remedy is a bar to another inconsistent remedy. It is idle for us to go over the ground again. *Equitable Life As-*

*surance Society* v. *May,* 82 *Ga.* 646 (9 S. E. 597) ; *Crane* v. *Atlanta & Lowry National Bank,* 40 *Ga. App.* 83 (149 S. E. 58); *U. S. Fidelity & Guaranty Co.* v. *Richmond Co.,* 174 *Ga.* 599 (163 S. E. 482) ; *U. S. Fidelity & Guaranty Co.* v. *Clarke,* 182 *Ga.* 755 (187 S. E. 420) ; *Hardeman* v. *Ellis,* 162 *Ga.* 664 (135 S. E. 195) ; *Board of Education* v. *Day,* 128 *Ga.* 156 (57 S. E. 359) ; *Beard* v. *Beard,* 197 *Ga.* 487 (29 S. E. 2d, 595).

The Association contends that the remedies pursued by it were consistent, with which contention we are unable to agree. It contends that the decision in *Equitable Life Assurance Society* v. *May,* supra, is based on the *satisfaction* of a consistent remedy. The decision in that case, to our minds, is clearly based on the idea that the two remedies were inconsistent, and not because there was satisfaction of a consistent remedy. In that case the lower court held that the first action was not a bar because satisfaction *had not* been obtained. The Supreme Court nowhere stated that the bar of the second action was based on satisfaction of the first. The court plainly stated that the obtaining of the decree against the executors, treating the policy as extinguished, ratified the action of the executors. The court held that the obtaining of the decree, not the satisfaction of it, barred the second action. The following quotation from the opinion seems to remove all doubt as to the correctness of our interpretation: "A plaintiff may pursue any number of concurrent remedies against different individuals until he obtains satisfaction from some of them. But this rule does not hold touching inconsistent remedies; and remedies are inconsistent when the right to any of them necessarily yields or concedes the right to another, *and such is the case here.*" *Herrington* v. *Hamilton,* 51 *Ga. App.* 741 (181 S. E. 592), does not involve inconsistent remedies. In both actions the plaintiff contended that the money belonged to him. Nor is *Sparks* v. *Fort,* 29 *Ga. App.* 531 (116 S. E. 227), authority to the contrary of what we hold, because the rule against inconsistent remedies does not apply to a mistaken remedy, not involving the merits of a controversy, which is in fact no remedy at all. 20 C. J. 18, § 12; Id. 21, § 17; *Board of Education* v. *Day,* supra; *Hawthorne* v. *Pope,* 51 *Ga. App.* 498, 500 (180 S. E. 920) ; *Kennedy* v. *Manry,* 6 *Ga. App.* 816 (66 S. E. 29) ; *Puett* v. *Edwards,* 17 *Ga. App.* 645 (88 S. E. 36) ; *Rowland Co.* v. *Kell,* 27 *Ga. App.* 107, 114 (107 S. E. 602) ; *Curry* v. *Wash-*

*ington National Insurance Co.*, 56 *Ga. App.* 809, 811 (194 S. E. 825) ; *First National Bank of Atlanta* v. *American Surety Co.*, 71 *Ga. App.* 112, 120 (30 S. E. 2d, 402), is not in conflict with what is held here. There was no election of an inconsistent remedy in that case. In *First National Bank of Ocilla* v. *Harris*, 25 *Ga. App.* 667 (104 S. E. 574), there was no plea of estoppel based on election of an inconsistent remedy. The question was in a manner raised under an allegation of negligence, but the court did not pass on the question of election of remedies. If the case can be construed as the Association insists, it must yield to contrary holdings by the Supreme Court on the principle involved.

■■ In view of the ruling on the question of election of remedies it is unnecessary to pass on grounds 2 and 3.

■ This action is a plain legal suit with a prayer for a money judgment. It is not an equitable action with a prayer for the enforcement of legal as distinguished from conventional subrogation based on a statute; nor is it an action by the Association for the use of Dodd's surety based on any kind of subrogation. The agreement between the parties as to the distribution of the Association's recovery does not affect the nature of the action brought. The question raised in ground "d" [enumerated "4" herein] is not before us for consideration.

The judge erred in rendering judgment against Southern Federal.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*

ON MOTION FOR REHEARING.

The Association now makes the contention that the record does not show that it knew all of the facts connected with Dodd's misappropriations at the time it instituted the action against him. Even if this is true, a different judgment would not be demanded, because the burden of proving that the election of the remedy was made in ignorance of the facts concerning the right to adopt another remedy was on the Association (*Land* v. *Hall*, 46 *Ga. App.* 404 (3), 407, 167 S. E. 711), and the evidence does not show ignorance of such facts when the action was brought against Dodd. The contention that the filing of the equitable petition against Dodd was merely a collateral proceeding and not an inconsistent remedy is without merit, for the reason that it was not merely an

attempt to have a receiver appointed but was also an action to recover a money judgment against Dodd. We find nothing in *Belle Isle* v. *Moore,* 190 *Ga.* 881 (10 S. E. 2d, 923), in conflict with what is ruled in this case. *Rehearing denied.*